JAMES M. GRAHAM *v.* MARTHA A. MORGAN.

83   601
85   408

1. FRAUDULENT CONVEYANCES.  *Husband and wife.  Suit against vendor.  Notice to vendee.*

The fact that a husband had been sued by another creditor at the time he conveyed property to his wife, in satisfaction of a debt due her, is not alone sufficient to charge her with notice of his intent to defraud other creditors in so doing.

2. SAME.  *Intent to prefer wife.*

A conveyance from a husband to his wife, in satisfaction of a pre-existing valid indebtedness is not fraudulent as to his creditors where the value of the property conveyed does not exceed the amount of the debt, although the husband designed to prefer his wife.

FROM the chancery court of Covington county.

HON. STONE DEAVOURS, Chancellor.

Mrs. Morgan, appellee, was complainant in the court below; Graham, appellant, was defendant there. The facts were these:

In 1900 Thomas B. Morgan, husband of appellee, was the owner of the lands in controversy. He was indebted to one Nicholson, who brought an attachment suit against him in the circuit court of Covington county. The attachment issue was

tried at the January term, 1901, on a plea in abatement, and resulted in a verdict and judgment in favor of defendant. The issue on the merits was then continued until the next term of the court. In May, 1901, Thomas B. Morgan conveyed all this property to Mrs. Morgan, his wife. Afterwards, at the next term of the circuit court judgment was rendered against Morgan in favor of Nicholson in the case above mentioned. Execution was issued on this judgment, and levied on the lands involved in this suit, and sold by the sheriff to appellant, James M. Graham. In October, 1901, Mrs. Morgan filed her bill in this cause in the chancery court against Graham, alleging that she was the real owner of the lands described in her bill, and that Graham had some sort of claim to the lands which was a cloud upon her title, and asked for the cancellation of same. Graham answered the bill, and made his answer a cross bill, in which he alleged that on the 24th day of May, 1901, Morgan, the husband of appellee, was the owner of the lands in question, and that on that day he made a fraudulent conveyance of the land to his wife, Mrs. Morgan; that on the said day he was indebted to Nicholson in the sum of $500, and was also indebted to others; and that, in order to defeat his creditors and the said Nicholson, he pretended to convey the lands in question to his wife, Mrs. Morgan. From a decree granting the relief sought by Mrs. Morgan, the complainant, and dismissing the cross bill, defendant, Graham, appealed to the supreme court.

*N. C. Hill,* for appellant.

The record is pregnant with facts going to show the attempt to defeat Nicholson. Mrs. Morgan stated they, meaning her husband and herself, were afraid they would have to "scratch around and get up the money to pay the debt, but they wouldn't pay unless they had to." She stated to two different parties that they wouldn't pay if they could help it. Morgan asserted that it was not a just debt, and he wouldn't pay unless he had

to do it; told Nicholson he would sell all he had and put the money in his pockets and leave him (Nicholson) with the "bag to hold," which threat the record shows was carried into effect.

The transaction was a bald fraud, and should not be upheld by the courts.

*R. L. Dent,* on the same side.

The conveyance from Thomas B. Morgan to his wife, appellee herein, was a scheme to cheat and defraud creditors, and especially defeat the payment of the Nicholson judgment, under which the property was sold to the appellant, and it is null and void except as to the homestead described in the answer to defendant's cross bill. We concede that Morgan had the right to convey his homestead, the same being exempt from execution.

The conveyance from husband and wife, especially such conveyance as this, should be looked upon by a court with an eye of scrutiny, and the husband should not be allowed to fraudulently convey his property to his wife and thereby defraud creditors. We do not contend that the relationship between these parties is of itself sufficient to establish fraud, nor is the insolvency of Morgan sufficient; but we do contend that these facts, when considered along with the suspicious circumstances proven in this case, furnish satisfactory proof of fraud. *Renney* v. *Willias,* 89 Mo., 139. The time of the transfer of the property in question, the same being just before judgment rendered, the consideration paid or alleged to have been paid and the actual value of the property at the time of the alleged transfer, the acts of the parties, and their statements relative to defeating the payment of this debt, constitute sufficient facts and circumstances to make out conclusively a very strong case of fraud in the transfer of the property in question.

Very slight circumstances, apparently trivial in themselves, when joined with other facts, may afford irrefragable proof of fraud. Bigelow on Fraud, 476; *Vigus* v. *O'Brannon,* 118 Ill., 334.

*McIntosh Brothers,* for appellee.

The purchaser here bought in good faith, and if the court should decide that Morgan transferred the property in question to avoid the payments of his debts, yet the proof shows that Mrs. Morgan bought for value and without notice of the fraud, and the decree therefore is right. *Ladnier* v. *Ladnier,* 64 Miss., 368. Morgan appropriated the means of his wife with her consent and procured deeds to the property to be made to himself instead of his wife without her consent. When he had sold a large part of the property his wife learned of what he had done and demanded payment, or that a deed be made to her for the remainder. No error can be predicated of this transaction. *Kaufman* v. *Whitney,* 50 Miss., 103, and this conveyance to Mrs. Morgan by her husband should be tested by the same rule as a conveyance by him to a stranger. *Virtuer* v. *Humphreys,* 14 Smed. & M., 130; *McAllister* v. *Honea,* 71 Miss., 256; *Goyer* v. *Wildberger,* 71 Miss., 438.

TRULY, J., delivered the opinion of the court.

The sole question presented by this record is whether appellee participated in or was cognizant of the fraudulent intent of her husband towards his other creditors in making the deed of the property to her. It is probably true that but for the suit then pending of *Nicholson* v. *T. B. Morgan* (husband of appellee), and the probability of judgment being obtained by Nicholson, the property would not have been conveyed at the time it was. But assuming this to be true, it is not of itself sufficient to show that appellee was a party to any fraud. Under uniform decisions of our court, a husband, though insolvent, has a right to prefer his wife and protect her interest by conveying his property to her, even though by so doing his other creditors are defeated of their rights, and even though the conveyance is made on account of the pendency of suits by other creditors against him; the only condition being that there must be existing between husband and wife a valid indebtedness equal to the fair

value of the property conveyed. In *Savage* v. *Dowd,* 54 Miss., 732, it is said: "If Madry (the husband) was the debtor of his wife to the full value of the land, it was lawful for him to convey it to her in payment of this debt, even though his object was to prefer her to Mrs. Dowd (his creditor), who was endeavoring to get a judgment against him." Upon this record it appears evident that there was a legal pre-existing indebtedness to appellee from her husband; there is no dispute upon this point. At the time that T. B. Morgan, the husband, purchased the property he informed his vendor that the purchase was made with the money of his wife's, although the deed was taken in his own name. It further appears, and is likewise undisputed, that he obtained other moneys from his wife, the appellee, and used at least a large portion of it to pay off incumbrances on the property now involved. Appellee denied all knowledge of any fraudulent intent on the part of her husband; all knowledge of any indebtedness due by him to others; and, so far from concealing, stated on several occasions all of the facts surrounding the conveyance of the property to her by her husband, and gives a reasonable explanation of her action in demanding the conveyance of the property to her. As a question of fact, the chancellor decided that the indebtedness due appellee by her husband equalled the full value of the land conveyed, and that appellee was not proven to have been guilty of any fraud, and we see no reason for disturbing his finding. Under the established doctrine in our state, we think the chancellor was right in sustaining the conveyance to appellee, and in ordering the sheriff's deed, under execution sale, to appellant, to be cancelled as a cloud upon appellee's title. *McAllister* v. *Honea,* 71 Miss., 256, 14 So., 264; *Tuteur* v. *Chase,* 66 Miss., 476, 6 So., 241, 4 L. R. A., 832, 13 Am. St. Rep., 577; *Savage* v. *Dowd, supra;* *Kaufman* v. *Whitney,* 50 Miss., 103; *Ladnier* v. *Ladnier,* 64 Miss., 368, 1 So., 492.

*Affirmed.*