# Sam Brumfield *v.* State.

## [59 South. 849.]

1. CRIMINAL LAW. *Appeal. Bill of exceptions. New trial. Error.*

   Matters which occur during the trial in the presence of the court and which are not otherwise of record can only be made a part of the record by means of a bill of exceptions, made up in one of the methods authorized by law.

2. SAME.

   Where a criminal case was called for trial and defendant announced that he was not ready on account of the absence of witnesses who had been duly summoned, and at the suggestion of the judge the trial was proceeded with, upon the understanding that the witness would be brought into court in time to testify, and the record nowhere discloses what the witness would have testified to, so that the supreme court may judge of the materiality thereof and no bill of exceptions discloses that these witnesses were not present while the defendant was introducing his witnesses; nor that defendant interposed any objection to proceeding with the trial in their absence, such facts cannot be shown on a motion for a new trial, as this is not the manner in which to reserve a point of this character.

3. CRIMINAL LAW. *New trial. Relationship of juror.*

   Where after the trial of a case of assault and battery it was shown that the wife of one of the jurors trying the case was distantly related to the person assaulted, but that neither the wife nor the juror knew the party assaulted nor of such relationship, this furnished no sufficient ground for a new trial.

### ON SUGGESTION OF ERROR.

Where a defendant rested his case without interposing any objection to continuing the case on account of his absent witness or at least the bill of exceptions does not disclose such an objection, he cannot avail himself of this objection in the supreme court on appeal.

4. SAME.

Where the record does not disclose what the testimony of absent witnesses would have been, the supreme court will not reverse on account of the absence of such witness, unless it appears from the record that the testimony was material and there is no presumption in the absence of a showing in the record that such testimony was material.

5. SAME.

The presumption is that all things done in the court below were rightfully and regularly done, and in order for this presumption to be overturned, error must affirmatively appear from the record.

APPEAL from the circuit court of Pike county.

HON. D. M. MILLER, Judge.

Sam Brumfield was convicted of assault and appeals. The facts are fully stated in the opinion of the court.

*C. V. Ratcliff, Frank C. Lee* and *R. W. Cutrer,* for appellant.

This case should be reversed and remanded for the reason that the trial court required the defendant to go to trial without his material eyewitnesses, viz.: Tom May and Robert Conerly. The court will observe that the formal application for a continuance was not made and does not appear in the transcript. It will appear from the record that the court assured the counsel for defendant that he would have the witnesses desired present before the trial closed, and it was with this assurance, that the defendant went to trial, without making his formal motion. He was misled by the court and thus induced to omit to make his formal application. It is in the record that these witnesses are material and it is shown that these witnesses were in the reach and jurisdiction of the court, and that Tom May was actually served with the process of the court, and was attached, and just simply declined to come. The court presented two witnesses to defendant, who were not eyewitnesses,

and who knew nothing of the facts in the case, but he did not present the defendant, nor his counsel, with Tom May and Robert Conerly, both of whom he promised to present to defendant before he completed his trial. This assurance was given the defendant before the trial was entered upon, and it was upon that assurance that the trial proceeded without the witnesses, and without the formal application. We submit that this was reversible error, and that the action of the court and his positive assurance, deprived the defendant of a material, substantial right, and required him to submit his case for the consideration of the jury without having had the opportunity to place his testimony before him. It will therefore, be observed that this question should be considered by the court as through the formal application was actually made, it having been waived by the trial court as above set out. We submit the following authority that the case should have been continued and the witnesses furnished defendant. The materiality of their testimony having been admitted by the court as shown by his assurance that he would present the witness before the trial was concluded. *Woodward* v. *State,* 42 So. 167, 14 Cent. Dig. Criminal Law, 1321-2; *Montgomery* v. *State,* 85 Miss. 330; *Watson* v. *State,* 81 Miss. 700; *Caldwell* v. *State,* 85 Miss. 383; *Scott* v. *State,* 80 Miss. 53; *Knox* v. *State,* 97 Miss. 523.

The court ought to reverse this case for the reason that a juror, Hugh Thompson, was related to the prosecuting witness, Tobe Thornhill, this juror having answered on his *voir dire* that he was not related to Thornhill. We cite *Jeffrys* v. *State,* 21 So. 526; *Garner* v. *State,* 76 Miss. 515.

*Frank Johnston,* assistant attorney-general, for the state.

There was no error whatever committed by the court in regard to the absent witnesses of defendant, Tom

May and Robert Conerly. Counsel for the appellant are
very urgent in the insistence that the trial court below
was guilty of great error in trying this case in the ab-
sence of Tom May and Robert Conerly. The facts on
this point are as follows: When the case was called for
trial, Tom May and Robert Conerly, witnesses for the
defendant, were not present. When this fact was ascer-
tained, the court stated to the defendant that he need
not make a motion for a continuance, and that the court
would have the witnesses in court for him during the
trial, and so the trial proceeded. When the state closed
its testimony, the defendant introduced a number of wit-
nesses, among them two supposed eyewitnesses, Willie
Lee and Willie Yates who gave their version of the af-
fair in testimony in the case, being defendant's wit-
nesses. Their testimony was not in conflict with that
of the state's witnesses and did not change the charac-
ter of the offense as shown by the state's testimony. Be-
sides that, the defendant testified himself in the case,
and thereupon the defendant's counsel introduced five or
six witnesses to show the good character of the defend-
ant whose testimony was not controverted by the state.
At no time during the progress of the trial was any
further application, or suggestion, or motion made to
the court by the appellant's counsel in regard to the ab-
sence of Tom May and Robert Conerly. And as the trial
was concluded, and nothing appeared in the record or
the proceedings of the court except what I have just
stated about the absence of these two witnesses which
occurred right at the beginning of the trial. So far as
this record shows, the defendant made no effort to change
the course of the trial because of the fact that these two
witnesses did not appear during the trial of the cause.
It must be presumed, therefore, and presumed conclu-
sively, that he did not care to press the point in regard
to the absence of these witnesses. Therefore, nothing
can be predicated in the way of error in the procedure

of the cause in regard to what was said about these two witnesses when the cause was called for trial. When it appeared in the progress of the case that these two witnesses were not produced under the circumstances shown in this record, the defendant could have made an application to the court for a continuance of the case, or a postponement of the cause, and for a delay sufficient to secure the presence of these two witnesses if it was possible to have them present. The defendant should have made, if he had relied upon these absent witnesses, some showing to the court in regard to what these witnesses would testify and what he expected to prove by them, and I am justified in making the argument, or the observation, that their absence could not have been regarded by the defendant as prejudicial to himself during the progress of the trial, or else he surely would have have made a motion to the court in regard to the testimony of these witnesses, and the necessity for their presence in the trial of the case. There is no suggestion, or intimation as to what facts these witnesses would testify to that could possibly disturb the facts of the case as testified to by the state's witnesses, and by Willie Yates and Willie Lee, two eyewitnesses of the defendant's to the transaction.

The objection that Mr. Hugh W. Thompson, one of the jurors, was incompetent is not entitled to any serious consideration whatever.

Mr. Hugh W. Thompson, one of the jurors, on his *voir dire,* stated that he was not related to Tobe Thornhill and he was accepted as a juror by both sides. It was developed after the trial that Mr. Thornhill, one of the jury, was distantly related to Tobe Thornhill in such that Mr. Thompson's wife was Thornhill's second cousin, but on the motion for a new trial, Mr. Thompson testified that he was one of the jurors; that he did not know at the time of the trial, and while he was on the jury and when the verdict was rendered that his wife was related

in any way to Mr. Thornhill. He had no intimation that such was the case. Accordingly, he testified, on his *voir dire,* that he did not know Mr. Thornhill at all, and that he had never seen him prior to the day of the trial; that at that time, he never had an intimation that he was in any manner related to his wife, and that he was a perfect stranger to him. Mr. Thompson said he never heard of this relationship until one or two weeks after the trial.

In view of these facts, I submit to the court that it was perfectly clear that Mr. Thompson was a competent juror.

Smith, C. J., delivered the opinion of the court.

When this case was called for trial, appellant announced that he was not ready because of the absence of several material witnesses, who had been duly subpoenaed and were within the jurisdiction of the court, but were not then present. At the suggestion of the judge the trial was proceeded with, upon the understanding that the witnesses would be brought into court in time to testify in appellant's behalf. One of appellant's assignments of error is that these witnesses were not brought into court as the trial judge had promised, and, since he was deprived of their testimony, he should be granted a new trial.

The record nowhere discloses what these witnesses would have testified, so that this court may judge of the materiality thereof. Furthermore, the bill of exceptions does not disclose that these witnesses were not present while the appellant was introducing his testimony, or that he interposed any objection to proceeding with the trial in their absence. It is true that on the motion for a new trial evidence tending to show that these witnesses were absent was introduced; but this is not the manner in which to reserve a point of this character. Those matters which occur during the trial in the presence of

the court, and which are not otherwise of record ,can only be made a part of the record by means of a bill of exceptions, made up in one of the methods authorized by law. This will dispose, also, of the other matters alleged to have occurred during the trial, and which do not appear in the bill of exceptions.

One of the jurors was discovered by appellant and his counsel, after the trial, to be related by affinty to Thornhill, the person assaluted. This juror's wife, according to the evidence, was Thornhill's "double third cousin,"· whatever that may be. We are relieved, however, from the necessity of deciding whether this disqualified the juror, for the reason that he and his wife were both introduced and testified that they were neither acquainted with, nor aware of their relationship to, Thornhill; consequently the juror could not possibly have been influenced thereby.

We find no error in the other matters complained of.

*Affirmed.*

SUGGESTION OF ERROR FILED AND OVERRULED.

Smith, C. J., delivered the opinion of the court.

We were in error in our former opinion in stating that "the bill of exceptions does not disclose that these witnesses were not present while the appellant was introducing his testimony." It appears from the stenographer's notes that, after apellant had concluded the examination of his witnesses, his counsel stated to the court that "we now ask for the witnesses Robert Conerly and Tom May, neither of whom are present." Upon an examination of the sheriff by the court and counsel, it appeared that the witnesses had not been found and their whereabouts seemed not to be known. The defendant thereupon rested his case without interposing any objection to continuing with the trial, or at least the bill of exceptions does not disclose such an objection. This point, therefore, was not reserved.

But, as stated in our former opinion, we could not reverse for this, even if an exception had been reserved, for the reason that the record does not disclose what the testimony of these witnesses would have been, and this court will not reverse on account of the absence of a witness, unless it appears from the record that the testimony of such witness is material. But it is said that we must presume that this testimony would have been material, for the reason that the court below did not re-require appellant to reduce his motion for a continuance to writing. In this counsel are in error. The presumption is that all things below were rightful and regularly done, and, in order for this presumption to be overturned, error must affirmatively appear from the record.

There is no merit in the other matters complained of.

*Overruled.*