, · TONY HUGGINS v. STATE.          -

[60 South. 209.]

1. CRIMINAL LAW. Homicide. Evidence. Former difficulty. Rebuttal. Bill of exceptions. New trial. Code 1906, section 2684. Juror.
   In a trial for murder, evidence of a previous difficulty between defendant and deceased is only admissible where there is doubt as to who was the aggressor in the fatal difficulty or some conflict in the testimony on that point.

2. SAME.
   When the defense has introduced evidence tending to show that deceased was the aggressor in the previous difficulty, which had become competent by reason of other evidence introduced by him, it was competent for the state to introduce evidence in rebuttal thereof.

3. CRIMINAL LAW. Bill of exceptions.
   The only way to incorporate into the record those things which occur on the trial in the presence of the court, and which are not otherwise of record, is by bill of exceptions, either special or general, made up in one of the ways provided by law.

4. JURY. Verdict. Code 1906, section 2684.
   Under Code 1906, section 2684, so providing, the verdict of a jury is not vitiated because one of the jury cannot read or write, though such fact was unknown to the defendant when the juror qualified on his voir dire.

APPEAL from the circuit court of Pike county.
HON. D. M. MILLER, Judge.
Tony Huggins was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*Frank C. Lee*, and *R. W. Cutrer*, for appellant.

On cross-examination of the main prosecuting witness for the state, C. R. Gardner, the defendant, sought to show that Givens, the deceased, and defendant engaged in a difficulty on the morning of the homicide in which deceased was the aggressor, and that without any cause on defendant's part, Givens, the deceased, assaulted and struck the defendant and chased appellant with a scantling, one by three by four feet long, into appellant's own yard and that witness was with deceased when he ran appellant into his yard, and that witness and deceased, then and there, in the presence of defendant's wife, threatened the life of appellant, and that this was one and the same, a continuous difficulty in which deceased lost his life.

This testimony was certainly admissible and to have it excluded from the consideration of the jury, having shown an overt act on part of deceased, was such error as will cause the court to reverse this case. *Brown v. State*, 37 So. 957; *Foster* v. *State*, 12 So. 832; *Nunnery* v. *State*, 87 Miss. 542. In the case of *Brown* v. *State, supra,* it was held that "it was fatal error to refuse to allow the defendant to show, on cross-examination of state's witnesses the details of the previous difficulty. In the case of *Foster* v. *State, supra,* the learned judge says: "It (referring to admitting testimony of the previous difficulty) would have, in that case, shed light on the homicide. It would have illustrated the character of the deceased and the greater or less probability of his doing again, in pursuance of his declared purposes, what he would have been shown to have done on the previous occasion, following up the threats that preceded that."

In the case of *Hawthorne* v. *State*, 61 Miss. 749, it was held to be fatal error for the trial judge to have excluded evidence of the previous difficulty and of threats of personal violence made against the defendant. In that case the threats were made some time prior to the killing and were communicated to defendant by a third party. In

the opinion of the court, it was held that it was error for
the trial judge to have excluded the testimony offered.
Whether the facts were as testified by the witnesses for
the state or as stated by those for the defendant was the
question for decision by the jury and not by the court.
It is only when the court can say that there is no overt
act established and no evidence from which the jury
might rightfully find existence of such acts that testi-
mony should be excluded which is admittedly competent
if the overt act is established.   We submit that it was
error for the court to exclude testimony of defendant
relative to the previous difficulty.   *Johnson* v. *State*, 54
Miss. 430; *Holly* v. *State*, 55 Miss. 424; *Kendrick* v. *State*,
55 Miss. 436; *Spivy* v. *State*, 58 Miss. 858; *Guice* v. *State*,
60 Miss. 704.

After the case had been closed the trial judge permit-
ted the state to call C. R. Gardner and permitted him to
give such evidence in rebuttal as was beneficial to the
state only.   The court not only permitted this witness
to testify to matters it had just forbidden the defendant
to go into and cross-examine any of the state's witnesses
on, but permitted this witness to go all over the case and
testify to new matters not brought out by the state in the
presentation of its case and the court further went into
and invaded the realm of defendant's rights by allowing
this witness to give evidence impeaching the testimony
offered by defendant on matters immaterial to the issue
and not in rebuttal to any material facts offered by the
defendant.   This alone is reversible error and should
reverse this case.   *Bell* v. *State*, 38 So. 795; *Chism* v.
*State*, 70 Miss. 742, 12 So. 852; *Anderson* v. *State*, 91 Miss.
407; 45 So. 359; *Williams* v. *State*, 73 Miss. 820; *Cooper*
v. *State*, 94 Miss. 480.

*Clem V. Ratcliff*, for appellant.

We submit that the testimony offered by defendant on
the question of previous, continuous difficulty was com-
petent as shedding light on the tragedy and to show the

jury who was the aggressor. See *Brown* v. *State*, 37 So. 957; *Foster* v. *State*, 70 Miss. 756. Certainly, as held in the last citation, if the state is permitted to show the previous difficulties, and to give their minute details, the prisoner should be allowed to give his version thereof. This testimony, if competent by the state at all, could not have been so by way of rebuttal. We cite: 69 Miss. 485; 70 Miss. 742; 73 Miss. 820; 33 So. 796 and 85 Miss. (*Flowers case*) 591 and 94 Miss. 480.

Our contention is, that the testimony should have been admitted for the defendant, and not having admitted it for the defendant, then it was error to admit it for the state after the defense had closed its case, and denied the defendant the right to give his version of the difficulty leading to the tragedy. We contend that it could not have been admitted to rebut, for there was nothing to rebut it, but if there was, it was immaterial matter as to the issue, and could not be contradicted. See *Chism* v. *State*, 70 M. 742; *Bell* v. *State*, 38 So. 795; *Anderson* v. *State*, 91 M. 407. We invite the attention of the court especially to the language of the court in the *Chism case*, *supra*, 70 M. 742; and *Cooper case*, 94 M. 480.

We insist on reversal of the case because of the error of the court in overruling the motion for a new trial for the reason that Juror Barnes could not read and write as required by the Constitution and the law. *Mabry* v. *State*, 71 Miss. 716.

*George H. Ethridge*, assistant attorney-general for appellee.

It is contended by the appellant that the court committed error in not permitting the defendant, on cross-examination of C. R. Gardner and others to show a previous difficulty between the parties. The brief undertakes to set out the testimony on this point, but omits wholly to state what the court says in its ruling on this point as shown in the state of facts at page 48 of the record, and I submit that the defense showed, or at least disclosed

their purpose to show that the deceased committed an overt act, that evidence of previous difficulties would not be admissible.   After the overt act was shown by the evidence for the defense, the whole matter was gone into by the defendant, and he had the right to recall under the rulings of the court, any witness for further cross-examination he desired, but he failed to do so, and cannot complain of the matter now.   It is well settled in the decisions of this court that until an overt act is shown that previous difficulties and threats cannot be shown, as it would not throw any light whatever upon the transaction.   See *Guice* v. *State,* 60 Miss. 724, and authorities cited in said opinion.

It is next contended that the trial court erred in permitting the state to recall C. R. Gardner and Jim Reidell in rebuttal, to testify as to the previous difficulties, and it is contended in that argument that the effect of this evidence would be to contradict the witness for the defense on immaterial matters.   I submit that the defense having offered evidence of previous difficulties, and having insisted that it was admissible, that the state had a perfect right to introduce evidence in rebuttal presenting its theory and contention with reference to the said previous difficulty, and it is not within the rule of contradicting witnesses, but is purely evidence in rebuttal.   The fact that the state witnesses do contradict witnesses for the defense about immaterial matters would not bring it within the rule, because where the defense offered evidence on an immaterial matter no harm is done in offering evidence showing that the theory of the defense is not correct.   To make it an impeachment within the rule in the *Williams case,* 73 Miss. 820, it would be necessary to call witness for the defense to the stand, asking him if he made such a statement to such a person at such a time and such a place, and then offer evidence showing that the defense's witness did make such a statement where the same has been denied.   That is not the case in this record at all but the state's witnesses were merely giving their

version of the affair, the defense strenuously insisted were admissible in evidence, and they were permitted to introduce their version of the defense as to them. The state made no effort to develop these previous difficulties in the presentation of this case in chief, and it was not until the defense had injected this into the record that the state offered any evidence of these previous difficulties. Certainly, it would be competent for the state to show as a matter of fact that the defendant was the aggressor, and was to blame for the difficulty.

It seems to me that this is a case where the defendant introduced matter which he thought would operate in his favor, and now finds that he has gotten the hot end of the stick, and is raising a needless clamor over that fact.

Argued orally by *Clem V. Ratcliff, F. C. Lee* and *R. W. Cutrer,* for appellant and *Geo. H. Ethridge,* assistant attorney-general, for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of the crime of murder. The homicide seems to have been the sequel of a difficulty which had taken place between deceased and appellant at an earlier hour of the same day on which the homicide occurred.

On cross-examination of two of the state's witnesses, counsel for appellant attempted to bring out the details of this former difficulty, presumably for the purpose of showing that the deceased was the aggressor therein, and also to show that in the progress thereof deceased had threatened to kill appellant. This evidence was objected to and excluded for the reason that at that time the evidence showed without doubt or conflict appellant was the aggressor in the difficulty which resulted in the death of deceased; in fact, that the homicide was a cold-blooded assassination. In excluding this evidence, the court was eminently correct. Previous difficulties and threats are not substantive facts necessary to be proven on the trial of a defendant charged with murder, but are only circum-

stances which may furnish some aid to the jury in determining who was the aggressor in the difficulty in which the deceased was slain. Testimony relative thereto is admissible only when a doubt arises from, or there is conflict in, the evidence as to who was the aggressor in the difficulty in which the deceased was slain, or when for some other reason it tends to explain the conduct of the defendant, and to justify him in taking the life of the deceased. While on cross-examination of a witness a party may bring out any fact which he would be entitled to prove by his own witness as a part of his case, still the rules governing the admissibility of evidence are the same, whether the witness from whom it is sought to obtain it is being examined in chief or on cross. The question here is not the power of the court to control the order of the introduction of testimony, but whether the evidence offered is admissible before a predicate therefor has been laid. Afterwards, when appellant introduced evidence tending to show that deceased was the aggressor in the difficulty which resulted in his death, the court then permitted him to introduce evidence relative to this previous difficulty; but he did not then ask, as he had the right to do, that these former witnesses be recalled for cross-examination on this point. One of these witnesses was introduced by the state in rebuttal on this point, and his evidence relative thereto was then—strange to say—objected to by appellant, and its admission is now assigned and earnestly argued as error.

When the defense introduced evidence tending to show that deceased was the aggressor in the previous difficulty, which had become competent by reason of other evidence introduced by him, it then, of course, became competent for the state to introduce evidence in rebuttal thereof.

Several objections seem to have been interposed to certain remarks made by both the county and district attorneys in their arguments to the jury. These remarks are contained in a special bill of exceptions, and in testimony introduced by both the state and defendant on a motion for a new trial. All of this testimony was incom-

petent, and has no place in this record, as we have here-
tofore pointed out.

The only way to incorporate into the record those
things which occur on the trial in the presence of the
court, and which are not otherwise of record, is by bill
of exceptions, either special or general, made up in one of
the ways prescribed by law. The special bill of exceptions
setting out these remarks of the county and district attor-
neys was not signed by the trial judge as presented, but
was modified by him, and, as modified, the remarks were
harmless. But even if these remarks were as set out by
counsel for appellant, the making thereof, under the facts
of this case, would not constitute reversible error.

On the motion for a new trial, evidence was introduced
tending to show that one of the jurors could not read and
write, which fact was unknown to counsel when the juror
qualified on his *voir dire.* A complete answer to this
assignment of error is that, while under section 2684 of
the Code ability to read and write constitutes one of the
qualifications of a juror, the section further provides that
"the lack of such qualification on the part of one or more
jurors shall not vitiate an indictment or verdict." We
deem it unnecessary to notice the other assignments of
error, most of which are frivolous, and all of which are
untenable.

The judgment of the court below is affirmed, and Friday,
the 21st day of February, 1913, fixed as the date for the
execution.

                                        *Affirmed.*