·REED *v.* STATE.*

(Division B. Oct. 11, 1926.)

[109 So. 715. No. 26002.]

1. MOTIONS.
   A motion is at issue without further pleading, and the movant must, to sustain his motion, introduce proof on such issue.

2.  CRIMINAL LAW.

 A person accused of crime other than a capital offense is not en-
 titled to have the court appoint him counsel, but must employ
 counsel or go without representation.

*Corpus Juris-Cyc References:  Criminal Law, 16CJ, p. 822, n. 35;
p. 1223, n. 68; Motions, 28Cyc. p. 15, n. 24.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Dennis Reed was convicted of stealing an automobile,
and he appeals.  Affirmed.

*Bush & Boyd,* for appellant.

Under the law this case should be reversed because ap-
pellant should have been told by the court that if he had
no counsel and could not procure counsel, the court would
appoint counsel for him.  This was not done and for
this reason a motion for a new trial should have been
sustained.  It may be argued that ignorance is no plea
in law, but we submit that it is often a palliating circum-
stance and should at times be observed by any court.

In the motion to set aside the verdict, it is shown that
appellant was arrested on a charge of larceny and was
taken into custody and tried before he could get in touch
with his people or try to arrange for counsel in his nec-
essary defense.

*J. A. Lauderdale,* Assistant Attorney-General, for the
state.

It appears from the record that appellant had from
March 27 to April 6 in which to secure counsel and pre-
pare his defense. There is absolutely nothing in the rec-
ord to show that appellant was unable to secure counsel
himself.  There is nothing to show whether or not he
consulted with friends and relatives before the trial or
after the trial; and there is nothing to show that they

could not secure counsel for him. In other words, there is no proof supporting the allegations contained in the first ground of the motion for a new trial; and even if there were proof, it could not prevail here.

The second ground of the motion is not well taken for the reason that neither the Constitution nor the statutes of the state of Mississippi require or allow the court to appoint counsel for a defendant charged with a crime where the punishment is less than death. Section 26 of the Constitution does guarantee to a defendant the right to be heard by himself, or counsel, or both, but this section does not require the court to appoint counsel for him.

Section 1239, Hemingway's Code, provides that "Any person in jail, charged with a capital crime, or who is indicted for such crime, who is unable to employ counsel, shall, at his request, be allowed counsel not exceeding two, to be chosen by the judge in vacation, or by the court."

The appellant in the court below was not charged with a capital crime and, therefore, the court had no right to appoint counsel for him. The record does not show that he was unable to secure counsel before the trial.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted and tried for stealing an automobile, and was placed upon trial and convicted, not being represented at the time by counsel. After the jury had rendered a verdict of conviction, a motion was filed by attorneys employed after the conviction to set aside the judgment and grant a new trial. The motion was made on the following grounds:

"That the defendant was arrested on a charge of grand larceny, was taken into custody and tried before he could get in touch with his people and arrange his necessary defense. That at the time of his trial he was not apprised of the fact that under the law of the state of Mississippi he could ask the court to appoint an at-

torney to represent him, and while ignorance is no plea in law it is oftentimes a palliating circumstance in one's favor."

The record does not show any proof offered on this motion. Motions are at issue without formal pleading, and it devolves upon the movant to support his motion by proof. There is therefore no showing that any undue advantage was taken of the defendant in placing him upon trial, nor any objection to going to trial at the time he was put upon trial.

It is not the law that the state must furnish counsel to persons charged with crime, except in capital cases. In all other cases the defendant must procure counsel or act for himself in his trial. The court has no power to employ counsel to be furnished him.

The judgment of the court below is affirmed.

*Affirmed.*