JOHNSON *v.* STATE.

(Division B.  Oct. 2, 1939.)

[191 So. 115.  No. 33731.]

H. F. Jones, of Belzoni, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the State.

**McGehee, J.**, delivered the opinion of the court.

This is an appeal from the Circuit Court of Humphreys County, wherein the appellant was tried and convicted on an affidavit charging him with petit larceny, and sentenced to serve a term of 90 days in jail and pay a fine of $500 and costs.

The case originated in the Court of C. F. Walker, a Justice of the Peace of the First District of Humphreys County. Upon conviction in that court, the appellant appealed to the circuit court, where the case was tried de novo. In the circuit court, it was necessary, of course, to prove that the offense was committed in the First Supervisor's District of Humphreys County. The only proof as to the venue was that the offense, if any, was committed in Humphreys County, Mississippi. In other words, the record was altogether silent when the case was submitted to the jury as to whether or not the alleged offense was committed within the district of the justice

of the peace court from which the case was appealed. Upon a motion for a new trial, the State offered testimony to the effect that the acting district attorney inquired of the defense counsel during the course of the trial (although not shown by the transcript of the evidence taken before the jury) as to whether he would agree that the place where the offense is alleged to have occurred was in Supervisor's District No. 1 of Humphreys County, Mississippi, and that the defense counsel responded to the inquiry by nodding his head. The defense counsel, however, had a different recollection as to what had occurred.

Therefore, even if it were competent to prove that the defendant waived proof of venue necessary to be made to show jurisdiction, the testimony offered in reference thereto on a motion for a new trial can not be considered as a part of the record which was submitted to the jury, in determining whether or not the venue had been proven. Such matters as may have transpired during the trial of the case, and not appearing of record, may be raised by a bill of exceptions, instead of by proof on a motion for a new trial. Keeton v. State, 102 Miss. 747, 59 So. 884; Huggins v. State, 103 Miss. 227, 60 So. 209; and Brumfield v. State, 102 Miss. 610, 59 So. 849, 921.

Proof of venue in criminal cases is jurisdictional, and the failure to make such proof may be objected to for the first time in the Supreme Court. Sandifer v. State, 136 Miss. 836, 101 So. 862; Dorsey v. State, 141 Miss. 600, 106 So. 827; Saucier v. State, 144 Miss. 788, 110 So. 436; Crosby v. State, 151 Miss. 512, 118 So. 604; Dodson v. State, 151 Miss. 548, 118 So. 620; Monroe v. State, 103 Miss. 759, 60 So. 773; Quillen v. State, 106 Miss. 831, 64 So. 736; Cagle v. State, 106 Miss. 370, 63 So. 672; Norwood v. State, 129 Miss. 813, 93 So. 354; and Slaton v. State, 134 Miss. 419, 98 So. 838.

Section 3403 of the Code of 1930 provides that: "A judgment in a criminal case shall not be reversed . . . because of any error or omission in the case in the court

below, except where the errors or omissions are jurisdictional in their character, unless the record show that the errors complained of were made ground of special exception in that court." Since the error here complained of is jurisdictional in its character, the conviction can not be sustained on appeal under the provisions of this statute. .

Reversed and remanded.