SHAW *v.* STATE.

(Division B. April 29, 1940.)

[195 So. 581. No. 34031.]

**J. W. Conger**, of Winona, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellant was convicted in the Circuit Court of Montgomery County on an indictment charging him with assault and battery with intent to kill and murder, and sentenced to serve a term of five years in the state pen-

itentiary. No complaint is made that the proof fails to sustain the verdict and judgment appealed from, but a reversal is sought on the ground of improper argument made to the jury by the district attorney.

The alleged improper argument is shown by means of a motion dictated into the record by appellant's counsel, instead of the remark being taken down by the Court Reporter and incorporated in a general bill of exceptions, or shown by a special bill of exceptions taken in some of the ways authorized by law. The argument complained of is not therefore before us for review. Powers v. State, 83 Miss. 691, 36 So. 6; Keeton v. State, 102 Miss. 747, 59 So. 884; Huggins v. State, 103 Miss. 227, 60 So. 209; and Brumfield v. State, 102 Miss. 610, 59 So. 849, 921. We set forth the remarks alleged to have been made only in order that we may make the observation again that trial courts should never permit counsel in any case to make an argument calculated to dispute the correctness of the instructions given as to the law by which a jury is to be guided in its deliberations.

The motion above referred to alleges that the district attorney stated in closing his argument that: "These instructions are sugar coated; they were prepared to mislead the jury; they are telling you one thing when the law is another; and it is always evidence of a defendant's weak case when he procures from the court a lot of instructions." These alleged remarks were objected to, the objection sustained, and the jury was told by the court that the instructions given for the defendant were the law as given by the court. We do not have the benefit of the trial judge's version of what language was actually employed by the district attorney on the occasion in question, nor the said officer's own version of the incident. A special bill of exceptions, duly approved and signed by the judge, where the language complained of was not taken down by the reporter and made the basis of a general exception, would serve to reflect his assent to the correctness of the statements set forth therein as

grounds for exception, after giving due consideration to the respective contentions in regard thereto.

Since a motion is at issue without further pleading, the averments thereof do not amount to any proof of the facts stated therein, Reed v. State, 143 Miss. 686, 109 So. 715; Young v. State, 150 Miss. 787, 117 So. 119. Therefore, we cannot predicate reversible error on the complaint here made as to the alleged argument, even though we should deem it prejudicial error if embodied in a bill of exceptions, so as to be reviewable. Therefore we think it sufficient to say that the remarks attributed by the motion to the prosecuting officer, if made as stated therein, were highly improper and should not be indulged in under any circumstances. However, in view of the fact that this record discloses that the trial judge promptly took issue with whatever argument was then being made in regard to the instructions, by telling the jury that they correctly stated the law, it was equivalent to an instruction for the jury to disregard the argument; and hence no error was committed in overruling the motion for a mistrial.

Affirmed.