DAVIS *v.* STATE.

(In Banc. May 10, 1948.)

[35 So. (2d) 524. No. 36839.]

Clay B. Tucker, of Woodville, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

Argued orally by **Clay B. Tucker**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was convicted of murder, and from a verdict and judgment imposing a life sentence, he appeals.

The errors assigned are: (1) Failure to furnish defendant a true copy of the special venire upon request (Code 1942, Sec. 2505); (2) the remarks of the trial judge in qualifying the jurors on their voir dire; (3) certain remarks of the State's attorney in his argument to the jury; and (4) the State's instruction.

The first assignment. The objection to the list of jurors summoned relates to the circumstances that one of those drawn, Bernard Carter, was shown by the sheriff's re-

turn to have been "not found." However, he was present at court, placed upon the jury, and served on the panel. Two others listed as "not found," and four who appear to have been summoned did not appear.

There is no requirement that the sheriff must locate and summon, at all events, every person drawn. A diligence that is impartial and zealous is all that is required. There is no showing that there was any censurable failure to find the juror Carter, or that he was not duly qualified to serve as such. He was accepted without challenge for cause, and no prejudice is disclosed as a result of his service. There is no showing of prejudice from the failure of those summoned to appear, or that further compulsory process was restored to without effect.

The second assignment. In qualifying the jurors, the trial judge generally inquired whether the respective veniremen had conscious scruples against the infliction of capital punishment, and whether they would hold to the standard of proof of guilt beyond a reasonable doubt. A typical inquiry was as follows: "I am saying to you men the laws of the State of Mississippi provide that some offenses towit: murder, some cases of arson, some cases of robbery, some cases of rape the death penalty may be inflicted, but that is solely the responsibility of the jury and there are some people who do not believe in the death penalty under any circumstances whatsoever. That makes it necessary in empanelling a jury to try a case, a charge like this, would make it necessary for us to inquire of each juror whether or not he belongs to that class of people who do not believe in the infliction of the death penalty under any circumstances whatsoever. It is a conscientious matter with each man. I have heard said on some other occasion, even in some states it is not provided for at all but in Mississippi it is and all you men are being asked that question and the question is put this way: Mr. Chambers, do you belong to that class or do you have any conscientious scruples against the infliction of the death penalty if in your judgment, it

is one that should be done?" It is in point that the jury did not impose the death penalty.

Upon the subject of the degree of proof, a typical inquiry was as follows: "The State is required, Mr. Hazlip, to prove to your entire satisfaction and you will require them to do that and until it has done that you will vote for acquittal, but when the State has convinced you beyond a reasonable doubt that the defendant is guilty then you are ready to vote for a conviction and not until then." Later versions of these inquiries were to the following effect: "Will you require the State of Mississippi to prove to your entire satisfaction beyond a reasonable doubt that the man is guilty before you will vote that way?"; and "Have you any conscientious scruples against the death penalty if in your judgment the evidence would warrant it?" The judge frequently referred to the rule of reasonable doubt at "The old rule." An example is as follows: "You will observe the same old rule we have heard ofttimes before, the State is required to prove to your entire satisfaction, beyond all reasonable doubt, this man's guilt before you will vote that way." Cf. Harris v. State, 179 Miss. 38, 47, 175 So. 342.

We find no reversible error here. There appears no reason why the characterization of the rule was belittling rather than reverential. Moreover, the instructions all embodied the correct rule.

The record contains the following objection by counsel for the defendant: "The defendant objects to the statement of counsel to the effect that there is no evidence in this record given to you by witnesses that the defendant acted in and manner in self-defense of himself or in self-defense of his common-law spouse Lulu Mae Robinson— being an allusion to the fact that the defendant did not testify and the defendant requests the Court to discharge this jury and call this case a mistrial." We have here presented a case where the record contains no accredited disclosure of the exact language. There was no bill of

exceptions to save this point with certainty. Shaw v. State, 188 Miss. 549, 195 So. 581.

The fourth assignment. The following instruction was given for the State: "The Court instructs the jury for the State that if you believe beyond a reasonable doubt from the evidence that the defendant, Charlie Davis, Jr., did on the day and in the manner charged in the indictment, feloniously and with deliberate design to effect death; and did effect death by stabbing with a knife. Bernice Bland, the deceased, at a time when neither the person of the defendant or that of Lulu Mae Robinson were in danger of great personal injury from the design or hand of Bernice Bland, and that there were no imminent danger, either real or apparent of such design being accomplished, you are to find the defendant, the said Charlie Davis, Jr., guilty as charged." The objection is that it did not use the language found in Code 1942, Section 2215, "without authority of law." In view of the following considerations, the assignment is not deemed valid: it uses the word "feloniously." See Winston v. State, 127 Miss. 477, 90 So. 177. The defendant used the following definition of murder in his instruction, as follows: "That the killing of a human being with premeditated design and of malice aforethought is murder, and that the killing of a human being on sudden provocation in the heat of passion is manslaughter." Code 1942, Section 2454, states as follows: "In an indictment for homicide it shall not be necessary to set forth the manner in which or the means by which the death of the deceased was caused, but it shall be sufficient to charge in an indictment for murder, that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased. And it shall be sufficient, in an indictment for manslaughter, to charge that the defendant did feloniously kill and slay the deceased, concluding in all cases as required by the Constitution." Whether the killing was with or without authority of law depends upon a justification by self-defense. Such defense was

adequately set forth in the defendant's instructions and rejected by the jury's verdict; the State's instruction, above quoted, concedes the right of self-defense or defense of another which is the only ''authority of law'' contended for by the defendant. Compare Butler v. State, 177 Miss. 91, 170 So. 148.

Other assignments of a general nature have been examined and found without merit.

Affirmed.