SPEARMAN *v.* STATE.

(In Banc. May 10, 1948.)

[35 So. (2d) 527. No. 36891.]

W. I. Stone, of Coffeeville, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellant Sam Spearman was jointly indicted with Frank Criss for the murder of one Dan Gaines. They were tried separately and each was convicted and sentenced to the penitentiary for life. The sentence of Frank Criss was affirmed here prior to the trial of the appellant Sam Spearman. Criss v. State, 202 Miss. 184, 30 So. (2d) 613. The proof on behalf of the State showed that on the evening of the homicide the appellant and Frank Criss were out trying to locate the deceased and that they found him when they visited the second house in their search. The appellant carried a shotgun and when they ascertained the whereabouts of the deceased at the home of one Richard Parker the appellant knocked on the door and when the same was opened he invited the deceased on the outside, saying that he wanted to talk to him. When they got outside the house Frank Criss picked up the shotgun, which the appellant had placed at the edge of the porch, and then immediately shot and killed the said Gaines.

At the trial of the appellant he introduced Frank Criss as the only witness in his behalf. This witness claimed that he shot Gaines to prevent the latter from killing the appellant Spearman when Gaines reached for his pocket as if to draw a weapon. However, the deceased was found to be unarmed and the jury was amply warranted under the testimony in rejecting this theory of justification and in finding that Criss and the appellant Spearman were joint actors in seeking out and killing their victim.

Therefore, no error was committed by the trial court in admitting testimony as to the acts of the said Frank Criss on the occasion in question, as complained of. Moreover, he was introduced by the appellant as a witness to testify as to what had occurred.

Two other errors are assigned which require comment. The first is that the District Attorney is alleged to have commented in his argument to the jury upon the failure of the defendant to testify. This point was raised by defense counsel having dictated into the record that "during the argument of the District Attorney in his opening address to the jury, he spoke of the fact that it was common for a murderer to point a finger at someone else, and I am objecting to his saying the defendant denied this only indirectly, and I am objecting to that and asking the Court to instruct the jury that it is improper and not to consider that. That is; The defendant has denied it only indirectly." Thereupon the District Attorney dictated this response: "The District Attorney insists that what he said was that the word picture we have in this case shows by the testimony for the State, which is denied by the testimony for the defendant only indirectly. That is where I stopped." The Court held that this was not a comment upon the failure of the defendant himself to testify and overruled the motion then made for a mistrial.

The purported bill of exceptions further makes mention of the fact that the district attorney had commented that the proof by witnesses for the State disclosed that the defendant had led the deceased out the door by the hand immediately before the shot was fired, and that "no one denies that." Criss had testifed for the defendant and he had not denied it, as the only witness for the defense. However, the statement of the defense attorney into the record as to what was said during an argument to the jury by the district attorney is not sufficient to give us the benefit of the trial judge's version of what language was actually employed by the attorney on the occasion in

question, and in the instant case there appears to be some disagreement between counsel as to the purport of what was said, and particularly as to the remarks hereinbefore first set forth. Compare Shaw v. State, 188 Miss. 549, 195 So. 581, and Davis v. State, 203 Miss.—, 35 So. (2d) 524.

At any rate, we think that the question thus presented is controlled adversely to the appellant's contention by the decision in Baird v. State, 146 Miss. 547, 112 So. 705, and the cases therein cited.

The other assignment of error is that the Court should have granted the defendant a continuance because of the absence of a material witness, upon whom an attachment had been served but who was physically unable to attend the trial. No affidavit of the absent witness, or other showing, was made on the motion for a new trial as to what the witness would have testified to if present, nor is it otherwise shown by the record what facts the witness would have testified to or in what respect the testimony of such witness would have supported the defense of justifiable homicide.

No reversible error was committed, and the judgment of the trial court must be affirmed.

Affirmed.