218 So.2d 9 (1969)
Jimmy HARVEY
v.
STATE of Mississippi.
No. 45145.
Supreme Court of Mississippi.
January 27, 1969.
William E. Miller, II, Reuben Anderson, Jackson, for appellant.
Joe T. Patterson, Atty, Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Presiding Justice.
This is an appeal from an order of the Circuit Court of Rankin County, Mississippi, overruling a motion to reinstate an appeal to that court from the justice of the peace court. The question for our decision is whether the judge of the circuit court abused his discretion in refusing to reinstate the appeal. The record contains nothing upon which to base a finding of abuse of discretion. The case is affirmed.
Jimmy Harvey was charged in the justice of the peace court with driving an automobile while under the influence of intoxicating beverages. Upon a plea of not guilty he was tried, convicted, and fined; and this appeal was prosecuted. Upon the return day, July 10, 1967, neither the appellant nor his attorney appeared in the circuit court and the appeal was dismissed and a writ of procedendo was issued. On the following day, July 11, attorneys for appellant filed an unsworn motion to reinstate the appeal and stated therein that at the time of the trial in the justice of the peace court appellant was represented by an attorney who is no longer connected with the case and that the principal secretary in the law office representing appellant was on vacation and no one informed appellant's attorney that the case was scheduled to be called on July 10. It also stated that on the afternoon of the 10th, appellant called the law office representing him and it was then determined that the case was to be called on July 10, 1967, and that no prejudice would be caused by reinstating appeal since criminal trials were not scheduled until the week of July 27. The State did not file any response to the motion, and no proof was offered in support thereof. On July 20, 1967, the motion to reinstate was overruled and this appeal was prosecuted.
The record is devoid of any proof in support of the allegations of the motion to reinstate. Assuming, without deciding, that the allegations of the motion were sufficient as a matter of law to require the *10 trial judge to reinstate the appeal, this Court may not find the trial court abused its discretion because no proof was offered in support of the motion. A motion is at issue without any further pleading, and the allegations thereof do not amount to any proof of the facts stated therein. Shaw v. State, 188 Miss. 549, 195 So. 581 (1940). It devolves upon the movant to support his motion by proof. Reed v. State, 143 Miss. 686, 109 So. 715 (1926). In the absence of proof in support of a motion, the presumption in favor of the correctness of the action of the trial court must prevail. Walters v. State, 127 Miss. 324, 90 So. 76 (1921).
There is no basis for a decision by this Court that the trial judge abused his discretion.
Affirmed.
RODGERS, JONES, BRADY and INZER, JJ., concur.