349 So.2d 554 (1977)
Lester GORDON, Jr.
v.
STATE of Mississippi.
No. 50198.
Supreme Court of Mississippi.
September 7, 1977.
Pleas M. Norris, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from the First Judicial District of the Circuit Court of Hinds County, *555 Mississippi, wherein the appellant, Lester Gordon, Jr. was convicted of armed robbery and sentenced to twenty-five years in the custody of the Mississippi State Department of Corrections.
The only error urged by the appellant is that the trial court erred in allowing the complaining witness, Ada Britton, while testifying on direct examination by the State, to make an in-court identification of the defendant. The record reveals that as Ada Britton attempted to identify the defendant, counsel for defendant objected and asked that the jury be removed from the courtroom, and thereafter made the following objection:
I'd like to enter an objection to any in-court identification of the defendant by the complainant because there has been on a prior occasion a police lineup which was held after the defendant was indicted for a crime of armed robbery in this cause, and that the defendant was not afforded an attorney at that lineup.
That motion was overruled by the court.
The problem on appeal is that there is no proof which supports the appellant's motion, nor any stipulation or concession by the state that the factual assertions of the motion were true. Therefore, the question now before this Court is who had the burden of going forward with evidence? The appellant seems to contend that the state had the burden of negating the allegations of his motion, or to bring the victim's identification within the independent source doctrine approved in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Poole v. State, 216 So.2d 425 (Miss. 1968). On the other hand, the state contends that the burden of going forward with evidence to support the factual allegations of the motion was upon the appellant.
The general rule is that a motion is at issue without any further pleading, but the allegations thereof do not amount to any proof of the facts stated therein. Shaw v. State, 188 Miss. 549, 195 So. 581 (1940). It devolves upon the movant to support his motion by proof. Reed v. State, 143 Miss. 686, 109 So. 715 (1926). It is also the rule that in the absence of proof in support of a motion, the presumption in favor of the correctness of the action of the trial court must prevail. Walters v. State, 127 Miss. 324, 90 So. 76 (1921). We see no valid reason to deviate from the general rules under the facts presented. The appellant could have, with no prejudice to himself, taken the stand in the absence of the jury, for the sole and limited purpose of proving the allegations of his motion. This he failed to do and there is no record in that regard for this Court to review. This Court cannot, nor can the court below, take judicial notice that a lineup did in fact take place. An appellate court only acts on the basis of the contents of the record as made in the trial court and may not act upon statements of facts in briefs or arguments of counsel which are not reflected by the record. Saucier v. State, 328 So.2d 355, 357 (Miss. 1976).
We have carefully reviewed the evidence of appellant's guilt in this record and are of the opinion that the jury was amply justified beyond a reasonable doubt in returning a verdict of guilty.
For the above reason, the judgment and sentence of the trial court are affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.