## EMMETT SIMMONS v. STATE.

[59 South. 849.]

INTOXICATING LIQUORS. *Unlawful purchase. Acting as agent. Code of* 1906, *section* 1771.

Where defendant and another contributed an equal amount to purchase a bottle of whiskey for the benefit of both and defendant bought the whiskey for the benefit of both, he was guilty of acting as agent or assistant in effecting a sale of intoxicating liquor under Code 1906, section 1771, so providing, and the fact that the liquor bought was contained in one bottle does not alter the case.

APPEAL from the circuit court of Pike county.

Hon. D. M. MILLER, Judge.

Emmett Simmons was convicted of acting as agent for the purchase of intoxicating liquor and appeals.

The facts are fully stated in the opinion of the court.

*R. W. Cutrer,* for appellant.

Instruction number five presents our view of the law of this case, and that is, if Rhymes and Simmons each contributed seventy-five cents for the purpose of buying one quart of whiskey and both went after it and bought and drank it, then under the law, and the facts of this case, no crime has been committed.

It makes no difference which one, Rhymes or Simmons, paid the money over to Clemens for the whiskey, if they were both acting there for themselves and according to Rhymes' testimony he and Simmons left the dance and went over to Clemens, or Magee's, and secured the whiskey.

It was error for the court to have modified instructions numbered one and two by inserting in instruction number one after the words "for himself" and preceeding the words "in the purchase" the following: "Alone."

And inserting in instruction number two after the words, "acting for himself," and preceding the words, "in the purchase of the quart of whiskey," the following: "alone."

Instruction number one as originally drawn was as follows: "The court instructs the jury for the defendant that if you believe from the evidence that Simmons was acting for himself in the purchase of the quart of whiskey in question, or if there is a reasonable doubt arising out of the evidence, or for the want of evidence on this point, then you must find the defendant not guilty. This instruction the court modified as above which we say was error.

Instruction number two as originally drawn was as follows: "The court instructs the jury for the defendant

that if you believe from the evidence that Simmons was acting for himself in the purchase of the quart of whiskey, then you must find the defendant not guilty.'' This instruction the court modified above which we say was error.

The court should not have given the instruction marked given for the state because we say, first, this instruction is not supported by the evidence; second, this instruction does not correctly announce the law of this case.

*Claude Clayton,* assistant attorney-general, for the state.

That appellant, and the state witness, Rhymes, entered into an agreement by which they were to contribute seventy-five cents each for the purchase of one quart of intoxicating liquor, to wit: whiskey; that the state witness, Rhymes, gave to appellant his part of the contribution, and that appellant immediately, with the expressed intention, departed from the presence of the state witness, and went to a certain negro's house, and in a short time returned with a quart bottle of whiskey, and that they thereafter equally participated in inbibing the contents of the bottle.

If the testimony of this witness was believed by the jury, it was sufficient upon which to rest a conviction for a violation of section 1771 of the Code of 1906, provided, however, no errors were committed by the trial court during the determination of the issues in this matter. There can be no escape from the conclusion that the jury believed the testimony and the truthfulness of the witness Rhymes. Now, if what Rhymes said was true, then verily appellant violated the provisions of section 1771, of the Code of 1906. That section has been construed by this court in a number of instances, which in my judgment sustain my contentions in regard to this transaction.

In the first place, if the jury believed the testimony of the state witness, Rhymes, they believed that an unlawful sale of intoxicating liquors had been consummated. In other words, that the vendor of this contraband article of merchandise had succeeded in disposing of it in violation of the law.

The witness, Rhymes, did nothing more than to contribute his part of the purchase price therefor. He did not leave his station during the consummation of this transaction. Therefore, it is evident that a sale was consummated, and that someone aided and abetted therein. Does the proof show that appellant did this? The jury answered in the affirmative.

So, under the principles laid down in *Wortham* v. *State,* 80 Miss. 205, he is manifestly guilty. Also, in the case of *Carroll* v. *State,* 80 Miss. 349, this same principle is reiterated. This court, speaking through Justice CALHOUN reaffirms this principle in the later case of *Kittrell* v. *State,* 89 Miss. 666.

· REED, J., delivered the opinion of the court.

Appellant was indicted for acting as agent of the buyer in the unlawful sale of intoxicating liquor. The indictment is under section 1771 of the Code of 1906, which declares that any person who acts as agent or assistant of either the seller or purchaser in effecting the sale of liquor is guilty of a misdemeanor. It appears from the testimony of the state that Alcus Rhymes gave appellant seventy-five cents, and that appellant contributed seventy-five cents himself, and then went to the house of Clemens Magee and purchased a bottle of whiskey for the price of one dollar and fifty cents. Rhymes drank and treated out of the bottle. Appellant denied that Rhymes had contributed seventy-five cents.

Appellant was tried and convicted. He claims that the court committed error in refusing to give the following instruction: "The court instructs the jury, for the

defendant, that if you believe from the evidence that Rhymes and Simmons each contributed seventy-five cents for the purpose of buying one quart of whiskey, and Simmons paid the money over to Clemens for the quart of whiskey, for himself and Rhymes, then you will find the defendant not guilty." Section 1771 of the Code of 1906 is a part of the general plan and scheme of the laws of Mississippi to prevent the sale of intoxicating liquors, and it goes to the extent of making any one who acts as agent, or assists the purchaser, as well as the seller, in effecting the sale, guilty.

It appears from the evidence in this case that Rhymes wanted to buy some whiskey and asked appellant's assistance in attaining his purpose; that, instead of buying the quantity desired by Rhymes, appellant added the same amount of money for himself, and then purchased the liquor in question for the use of both. The fact that he purchased for his own use an undivided portion does not alter the fact that he aided and assisted Rhymes in buying his portion of the liquor. The mere device of putting the liquor in the same container does not disguise the fact that he aided and assisted as joint buyer, and also assisted the seller in effecting the sale. This is not a case where the purchase of whiskey is made for the use of the purchaser alone, but it goes further, and embraces an aiding and assisting of a buyer to purchase and the seller to sell; and that appellant had an undivided interest in the liquor sold and purchased in no wise changes the essential facts.

*Affirmed.*