CHARLEY HORTON v. STATE.

[62 South. 360.]

INTOXICATING LIQUORS. *Unlawful sales. What constitutes.*
    Where defendant and another pooled their money for the purpose
    of buying a bottle of whiskey and defendant took charge of
    the money and bought the whiskey which was consumed shortly
    afterwards by both, in such case defendant was guilty of the
    unlawful sale of the liquor, as all who aid in the commission
    of a misdemeanor are principals.

APPEAL from the circuit court of Lee county.
HON. CLAUD CLAYTON, Judge.

Charley Horton was convicted of the unlawful sale of liquors and appeals.

The facts are fully stated in the opinion of the court.

*Anderson & Long,* for appellant.

Appellant was indicted for the unlawful sale of intoxicating liquors. He was not indicted under section 1771 Code of 1906 for acting as agent, or assistant, of the seller or purchaser, in effecting the sale of intoxicating liquors. Clearly under the testimony the appellant was not guilty of the unlawful sale of intoxicating liquors. That was the crime for which he was indicted. In the case of *Simmons* v. *State,* 59 So. 849, the facts in which were substantially the same as the facts of this case, defendant was indicted under section 1771, Code of 1906. The charge in that case was for acting as agent of the buyer in the unlawful sale of intoxicating liquors. We submit that under the facts of that case, if the indictment had been for the unlawful sale of intoxicating liquors, the conviction could not have stood, except for section 1771, Code of 1906. Appellant in this case would have committed no crime whatever in what he did. How then can there be a conviction unless there was an indictment under that statute? Or rather how can a conviction stand unless there was an indictment under that statute?

In *Johnson* v. *State,* 63 Miss. 228, Johnson and another combined their means and Johnson bought the whiskey, which as we understand the case, was whiskey unlawfully sold by a third party, and the court held that Johnson was not guilty of a violation of the law against the unlawful sale of whiskey. As we understand section 1771, Code of 1906, which is section 1664, Code of 1892, was enacted by the legislature in view of the principal announced by our supreme court, in *Johnson* v. *State, supra,* and to meet what was supposed by the legislature to be the evil effects of flowing from that decision.

In *Page* v. *State,* 54 So. 884, as we understand the case, was reversed because the defendant was indicted for the unlawful sale of intoxicating liquors, while the proof

showed that if he was guilty of any crime it was that of acting as agent.

In *Dantzler* v. *State,* 61 So. 305, the defendant was indicted and tried and convicted of the unlawful sale of intoxicating liquors. The evidence on behalf of the defendant tended to show that he and others combined their means, turning them over to the defendant, who ordered the beer from New Orleans, which was shipped to Hattiesburg. The court below refused the instruction to the jury, in substance, that if they believed the defendant's theory of the case they must acquit him. The supreme court held that such a refusal by the trial court was fatal error, and reversed the case.

We respectfully submit that the evidence in this case is conclusive that the appellant was not guilty of the offense for which he was indicted and convicted.

*J. E. Rankin,* for appellee.

The only question involved in this case is whether or not the defendant's conduct amounted to an unlawful sale of intoxicating liquors. I submit that it did.

Counsel for appellant rely on the cases of *Johnson* v. *State,* 63 Miss. 228; *Page* v. *State,* 59 So. 884; *Dantzler* v. *State,* 61 So. 305. None of these cases are in point for in none of them was the liquor sold unlawfully.

In the *Johnson case,* the defendant purchased with the common fund a gallon of liquor from a "gallon dealer" —as stated in the brief of the attorney-general. The defendant violated no law in that case, for the reason that he was merely assisting in making a lawful sale. It was not unlawful at that time to sell liquor in quantities of not less than one gallon. Code of 1871, section 2456. The court does suggest in that case that the defendant would not have been guilty of the offense charged if he had acted as the agent of the purchaser in buying liquor that was sold in violation of law, but that certainly is not the law in Mississippi at the present time.

*Wortham* v. *State,* 32 So. 50, and *Wiley* v. *State,* 21 So. 797.

In the *Page case,* 59 So. 884, the sale was not made in Mississippi, and was not in violation of the laws of this state. Therefore the defendant was not guilty of selling liquor under the laws of Mississippi by merely acting as agent in the making of a lawful sale in another state.

In the *Dantzler case,* 61 So. 305, the sale was made in Louisiana also, and not in Mississippi. Therefore, the defendant did not violate the laws of this state by assisting in making the sale. If the sale had been made in Mississippi, the conviction would have been sustained.

If the defendant in either the *Page case* or the *Dantzler case* above cited had been indicted for acting as agent under section 1771 of the Code of 1906 (chap. 62, p. 71, Acts of 1890), a conviction would have been sustained. For as stated by the court in *Powell* v. *State,* 51 So. 465, with reference to cases arising under this section, "the place where the sale was actually consummated becomes immaterial."

In the case at bar, the liquor was sold in Mississippi and in violation of law? The defendant was "assisting the buyer to buy and the seller to sell." *Simmons* v. *State,* 59 So. 849. It is stated in *Beck* v. *State,* 13 So. 835, and also in *Wuley* v. *State,* 21 So. 797, that "all who aid in the commission of a misdemeanor are principals." It matters not whether the defendant acted at the instance of the seller or the buyer, he is guilty as principal. *Wortham* v. *State,* 32 So. 50.

The mere fact that the defendant chipped in and paid a part of the purchase price does not alter his position in the matter. He is still the agent of both the buyer and the seller, and is guilty as principal.

Cook, J., delivered the opinion of the court.

Appellant was convicted of the offense of unlawfully selling intoxicating liquors. The record discloses that

appellant put up forty cents, and one Heatherly contributed thirty-five cents, to form a pool for the purpose of buying a bottle of whisky. Appellant took charge of the money and purchased the whisky, ánd he and Heatherly afterwards, and speedily, consumed the same. This was the state's case, and because the court, at the request of appellant, refused to instruct the jury to return a verdict of not guilty, this appeal is prosecuted.

*Simmons* v. *State*, 59 So. 849, and *Wiley* v. *State*, 74 Miss. 727, 21 So. 797, read together, we think, support the action of the trial court. In *Simmons* v. *State* it is said that Simmons aided "the seller to sell," and in *Wiley* v. *State* it is said, "All who aid in the commission of a misdemeanor are principals." The fact that the respective shares of the parties were not in separate containers does not alter the fact that appellant assisted the seller to sell Heatherly whisky.

*Affirmed.*