## WALTERS *v*. STATE.

[90 South. 76. No. 22345.]

1. CRIMINAL LAW. *In absence of notes of evidence, denial of new trial, based on defendant's absence, presumed correct.*

   In the absence of the stenographer's notes of the evidence offered in support thereof, the action of the trial court in overruling a motion for a new trial based upon the alleged unavoidable absence of a defendant at the time of his trial, will be presumed to be correct.

2. INTOXICATING LIQUORS. *One purchasing liquor with money received from another held guilty of unlawful sale.*

   The sale of intoxicating liquors being prohibited by law, a defendant, who purchased intoxicating liquors with money received from another for that purpose, and delivered the liquor to the party from whom he received the money, is guilty of the unlawful sale of the liquor, as all who aid in the commission of a misdemeanor are principals.

APPEAL from circuit court of Perry county.

HON. R. S. HALL, Judge.

Lloyd Walters was convicted of the unlawful sale of intoxicating liquors, and he appeals. Affirmed.

*Currie & Currie,* for appellant.

After the appellant had been tried and convicted and sentenced in his absence, on the 22nd day of April, 1921, he filed a motion and an affidavit to have the trial, conviction and sentence set aside and to be awarded a new trial.

Assignment No. 1. In support of the first reversible error herein pointed out and urged, we cite articles 5 and 6 of the articles in addition to, and amendment of, the Constitution of the United States of America. In article 5 the following language is found: "Nor be deprived of life, liberty, or property without due process of law."

What does this mean? What does the language: "Due process of law," mean to the citizen, and to the courts? Does it mean simply that in this case the circuit court of Perry county convened according to law, that said court was properly organized, that a grand jury was legally selected and empannelled, and said grand jury returned an indictment against the appellant charging him with the unlawful sale of intoxicating liquors, that a warrant was issued for his arrest under said indictment, that he was arrested under said warrant, that he was arraigned at the bar of the court under said indictment, that he plead not guilty to the charge contained against him in said indictment, that a day was set for the trial of his case, that on the day set for the trial the appellant was absent not voluntarily, but because of unavoidable and insurmountable events over which he had absolutely no control, that his trial proceeded in his absence after showing why he was absent which resulted in a conviction and a sentence of five hundred dollars and ninety days? Or, does it also mean that the defendant shall have some rights to such as the right to be present in his trial, to be confronted by the witnesses against him, to introduce witnesses in his own behalf and especially to testify in his own behalf. We ask if this language does not include these rights of the appellant? We ask further if these words do not include and mean the fair, impartial, full, complete and orderly administration of justice in an orderly manner, such manner as to reach justice in the due and proper course of the administration of the law, having at all times due regard to the rights of the appellant, as well as to the rights of the state?

The law does not require any person to do the impossible. In article 6 of the constitution of the United States the following language is found: "To be confronted with the witnesses against him the constitutional right was denied him. It was due to no fault of his. He made every effort possible and reasonable to get to the court in order to be present in his trial. The motion and affidavit filed by him asking for a new trial, shows this to be true, the state did not dispute these facts."

Section 26 of the Constitution of the state of Mississippi, also guarantees the same rights as to articles 5 and 6 of the Constitution of the United States, and all of the rights vouchsafed to the appellant under the constitutions both of the United States and the state of Mississippi, were denied him.

Court decisions are unnecessary to support these rights of the appellant, because they are all constitutional rights, but if court decisions should be deemed necessary or required we cite the case of: *Hoggett* v. *The State,* 56 So. 172; *Hope* v. *State,* 64 So. 215; *Johnson* v. *State,* 67 So. 177.

For the first error complained of we respectfully submit that this case ought to be reversed.

Assignment No. 2. If the decisions of this court still stand, it was not a sale of whiskey for the appellant to take the common fund made up for that purpose and procure the whiskey which was the common property of all of the contributors and carry it to the place where it was opened and drank by the contributors, and in support of this we cite the following cases: *Dantzler* v. *State,* 104 Miss. 233, 61 So. 305; *Page* v. *State,* 59 So. 884; *Johnson* v. *State,* 63 Miss. 228; *Pierson* v. *State,* 66 Miss. 510, 6 So. 243; 4 L. R. A. 835.

*H. Cassedy Holden,* for the state.

The first four assignments of error involve the same proposition. In these assignments of error the appellant complains that the court erred in permitting the case to be tried in his absence.

All that need be said in reply to this contention is contained in the language of section 1253, Hemingway's Code (sec. 1495, Code of 1906.)   The said statute reads as follows: "1253 (1495) Trial—In the absence of the accused in certain cases.   In criminal cases the presence of the prisoner may be waived, and the trial progress, at the discretion of the court,  in his absence, if he be in custody and consenting thereto.  If the defendant, in cases less than felony, be on recognizance or bail, or have been arrested and escaped or have been notified by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or be in any way in default for non-appearance, the trial may progress, at the discretion of the court, and judgment final and sentence be awarded as though such defendant were personally present in court."

The accused was not on bail at the time of his trial.   In *Williams* v. *State,* 103 Miss. 147, 50 So. 73, it was held, in a prosecution for unlawfully selling intoxicating liquors, that the circuit court did not abuse its discretion in proceeding with the trial in the absence of the accused, where he departed from the court room without leave after having remained in attendance three days.

This case is practically identical with the case at bar. The trial of this defendant was set for April 12th on which day the defendant was present in court with his witnesses and ready for trial.  But owing to a heavy criminal docket, the case was not reached until April 16th, and on that day the defendant was not present.  He had departed without leave after having been in attendance upon the court.

It is respectfully submitted that the court committed no error in refusing to grant a postponement or continuance of the trial and in proceeding to try the case in the absence of the defendant.   The matter of granting or refusing a continuance is within the sound discretion of the trial court.   There was no abuse of discretion in this case.

The appellant next complains that the court committed reversible error in granting instructions No. 2 for the

state, and in refusing a certain instruction for the defendant which appears at the top of page 13 of the record.

The instruction for the state, complained of by the appellant, reads as follows: "The court instructs the jury for the state that if you believe from the testimony beyond a reasonable doubt that the defendant, Lloyd Walters, received from one Ernest White and Paul McLemore, either or both of them, the sum of five dollars, and that he, the said Lloyd Walters then and there agreed to go and purchase intoxicating liquor with said money, and that he, the said Lloyd Walters, did take said money and purchased and return with the intoxicating liquor as testified to then he, Lloyd Walters, is guilty of selling intoxicating liquor as charged in the indictment, even though you may believe that he, Lloyd Walters, returned afterward a part of the five dollars to the witness Ernest White."

The instruction refused defendant reads as follows: "The court charges the jury on the law in behalf of the defendant in this case that if the jury believed from the evidence in this case that the person named in the evidence chipped in and made up a sum of money with which to purchase whisky and delivered the money to the defendant with the understanding that he was to use the same in purchasing or procuring the whisky and fixed the time and place of meeting to drink said whisky, and that the defendant pursuant to said agreement and with the money which had been made up for that purpose purchased said whisky and carried the same to the place at the time agreed upon and that then and there the whisky was opened and drunk by such persons; and if you believe from the evidence in the case that the defendant used all of the money thus made up in the purchasing or procuring of said whisky, then under the law the defendant was not guilty of the sale of whisky and the jury is bound under the law to acquit him."

In *Horton* v. *State*, 105 Miss. 333, 62 So. 360, this court held that where the accused and a third person contributed to a pool to buy whisky, and accused took the money and bought a bottle of whisky which he and a third person con-

sumed, he was guilty of selling liquor. One who by request of the proprietor, procured whisky for a customer and collected the price, was properly convicted as a principal, of unlawfully selling intoxicating liquors. All who aid in the commission of a misdemeanor are principals. *Beck* v. *State,* 69 Miss. 217, 13 So. 835; *Wiley* v. *State,* 74 Miss. 727, 21 So. 797; *Johns* v. *State,* 78 Miss. 663, 29 So. 410; *Wortham* v. *State,* 80 Miss. 205, 32 So. 50.

Where persons asked accused for some whisky and he wrote his name on a blank piece of paper and delivered it to the express agent and gave it to him with three dollars and fifty cents and four quarts of whisky were delivered to them by the agent, not a word having passed between them, this constitutes a sale by the accused within the law. *Bennett* v. *State,* 87 Miss. 803, 40 So. 554.

In the light of the foregoing authorities, it is submitted that the court committed no error in the granting or refusing of instructions. In fact, there are no reversible errors in the record, and the judgment of the lower court should be affirmed.

Cook, J., delivered the opinion of the court.

The appellant, Lloyd Walters, was convicted of the unlawful sale of intoxicating liquors, and appeals to this court.

Appellant was tried in his absence, and the grounds principally relied upon for a reversal are: First, the refusal of the court to grant his application for a continuance; and, second, the overruling of his motion for a new trial.

It appears from the record that this case was first set for trial on April 12, 1921, and that defendant was present in court on that date. The case was not reached on that date, and was reset for April 16th. On the morning of the 16th of April, appellant was not present in court, and when his case was called for trial, appellant's attorneys filed a motion signed by themselves, but not sworn to, seeking a continuance of the case for the term or a postponement until a later day. The grounds of the motion were, in substance, that the defendant was not present, and could

not be present, on that date for the reason that he lived about twenty miles from the courthouse; that his only means of travel was by automobile over the public roads; that during the morning and the night preceding there had been an unusual and almost unprecedented rainfall; that as a consequence several streams between the courthouse and appellant's home were overflowed and impassable; that appellant was water-bound, and was absent for that reason only. This motion was overruled, and appellant was tried in his absence and convicted. On a later day of the term appellant filed a motion, sworn to by himself, to set aside the verdict and grant him a new trial. This motion set up substantially the same facts as the motion for a continuance, and in addition alleged that appellant and his witnesses attempted to reach the courthouse in time for his trial, and that they were on the road practically all day in an effort to reach the courthouse. This motion for a new trial was likewise overruled.

It appears that the notice to the stenographer to transcribe and file the notes of the evidence offered was not given within the time required by law, and as a consequence this record does not contain the stenographer's notes. In the absence of the stenographer's notes we must presume that the facts in evidence before the court justified its action in overruling these motions. It is contended by appellant, however, that the record does not show that the state controverted the facts alleged in the motions. The state is not required to traverse either of these motions in writing, and, in the absence of the stenographer's notes, the presumption in favor of the correctness of the action of the court must prevail.

Upon the merits of these two motions counsel for appellant propounds to us three questions, as follows:

. "Can the appellant control the rains? Could he, like Moses, command the waters to separate and walk through on dry land? Could he, like Joshua, command the sun to stand still and make it stand?"

We do not think it possible that appellant could make the sun shine, but, from an examination of many records which are finding their way into our consultation rooms, we think it is altogether probable that he can make the "moonshine."

Appellant also assigns as error an instruction granted the state, which reads as follows:

"The court instructs the jury for the state that if they believe from the testimony beyond a reasonable doubt that the defendant, Lloyd Walters, received from one Earnest White and Paul McLemore, either or both of them, the sum of five dollars, and that he, the said Lloyd Walters, then and there agreed to go and purchase intoxicating liquor with said money, and that he, the said Lloyd Walters, did take said money and purchase and return with the intoxicating liquor as testified to, then he (Lloyd Walters) is guilty of selling intoxicating liquor as charged in the indictment, even though you may believe that he (Lloyd Walters) returned afterward a part of the five dollars to the witness Earnest White."

This instruction correctly stated the law. Under the law as it now exists the sale of the liquor in question was necessarily unlawful, and, this being true, this case is controlled by the case of *Horton* v. *State,* 105 Miss. 333, 62 So. 360, where it was held that where the accused and a third person pooled their money for the purpose of buying whisky, and the accused took the money and bought whisky, which was consumed shortly afterwards by both, the accused was guilty of the unlawful sale of the liquor, as all who aid in the commission of a misdemeanor are principals. See, also, *Wiley* v. *State,* 74 Miss. 727, 21 So. 797, and *Simmons* v. *State,* 102 Miss. 605, 59 So. 849.

*Affirmed.*