## SEVEN HICKORY v. ELLERY.

Under the Constitution of Illinois of 1848, a bill passed by both Houses of the
legislature became a law when it was approved and signed by the governor
of the State within ten days after its presentation to him; and this, notwith-
standing the fact that, when the bill was so approved and signed, the legisla-
ture had adjourned *sine die.*

ERROR to the Circuit Court of the United States for the
Southern District of Illinois.

This is an action by George B. Ellery against the town of
Seven Hickory, Ill., to recover upon certain bonds issued by
it March 1, 1872, which recite that they are issued "in pursu-
ance of authority conferred by an act of the General Assembly
of the State of Illinois, entitled ' An Act to incorporate the
Tuscola, Charleston, and Vincennes Railroad Company,' ap-
proved March 7, 1867, and ' An Act to amend the foregoing
act,' approved March 25, 1869, and of an election of the legal
voters of the town of Seven Hickory, Ill., on the second day
of April, 1867, under the provisions of said act of incorpora-
tion."

The defendant objected to the validity of the bonds on the
ground that the General Assembly by which the bill for the act
of March 7, 1867, was passed adjourned *sine die* Feb. 28, 1867,
on which day the bill was presented to the governor, in whose
hands it remained until March 7, when it was approved and
signed by him and delivered to the secretary of state, in whose
office it was filed, and thereupon published as a law of the State.
The defendant also proved that after such adjournment there
was no session of the General Assembly until June, 1867.

The court having overruled the objection, found the issues
in favor of the plaintiff, and rendered judgment accordingly.
The defendant sued out this writ of error.

Sect. 21, art. 4, of the Constitution of Illinois of 1848, is as
follows : —

"Every bill which shall have passed the Senate and House of
Representatives shall, before it becomes a law, be presented to the
governor ; if he approve, he shall sign it ; but if not, he shall return
it, with his objections, to the House in which it shall have origi-

nated; and the said House shall enter the objections at large on their journal, and proceed to reconsider it. If, after such reconsideration, a majority of the members elected shall agree to pass the bill, it shall be sent, together with the objections, to the other House, by which it shall likewise be reconsidered; and if approved by a majority of the members elected, it shall become a law, notwithstanding the objections of the governor; but in all such cases the votes of both Houses shall be determined by yeas and nays, to be entered on the journal of each House, respectively. If any bill shall not be returned by the governor within ten days (Sundays excepted) after it shall have been presented to him, the same shall be a law, in like manner as if he had signed it, unless the General Assembly shall, by their adjournment, prevent its return; in which case, the said bill shall be returned on the first day of the meeting of the General Assembly after the expiration of said ten days, or be a law."

*Mr. John M. Palmer* for the plaintiff in error.

*Mr. D. T. McIntyre, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The single question we have now to consider is whether a bill passed by both Houses, and presented to the governor before the legislature adjourns, becomes a law when signed by the governor after the session of the legislature has been terminated by an adjournment, but within ten days from its presentation to him. We have no hesitation in saying it does. There is certainly no express provision of the Constitution to the contrary. All that instrument requires is that, before any bill, which has passed the two Houses, can become a law, it shall be presented to the governor. If he approves it, he may sign it. If he does sign it within the time, the bill becomes a law. That is not said in so many words, but is manifestly implied. After a bill has been signed, the legislature has nothing more to do with it. Undoubtedly, if the legislature should be in session when the signing is done, it would not be inappropriate for the governor to communicate his approval to one or both the Houses; but there is nothing in the Constitution which requires him to do so. The filing of the bill by the governor in the office of the secretary of state with his signature of approval

on it is just as effectual in giving it validity as a law, as its formal return to the legislature would be. The bill becomes a law when signed. Everything done after that is with a view to preserving the evidence of its passage and approval.

The other parts of the article of the Constitution under consideration relate only to what is to be done if the governor fails to indicate his approval of the bill by signing it. If the legislature continues in session and he positively disapproves the bill, he may, within ten days from the time of its presentation to him, return it with his objections to the House in which it originated. Under such circumstances the bill cannot become a law until it has again passed both Houses, and this time by a majority of all the members elected. Such a second passage, if secured and entered on the journal, makes the bill a law notwithstanding its disapproval by the governor. If the governor remains passive, and neither signs nor returns the bill within ten days, the legislature being at the time in session, it becomes a law without his approval.

In this way provision is made for every case that can arise, except when the governor fails to sign the bill and the legislature adjourns for the session before the expiration of the ten days. To meet such a state of things it was provided that the governor might return the bill with his objections on the first day of the next session, and that, if he did not, the bill was *then* to become a law. If he did, the bill must again be passed over his objections as in case of a return before an adjournment and within the ten days. If thus passed it became a law, otherwise not. So that, under the Constitution of Illinois, if a bill is passed by both Houses of the legislature it becomes a law, — 1, when approved and signed by the governor within ten days after its presentation to him; 2, when the legislature being in session, the governor fails to sign the bill or return it with his objections to the House in which it originated within the ten days; 3, when, after being returned within the ten days, it is passed by the requisite majorities over his objections; 4, when, if the session of the legislature terminates by an adjournment before the expiration of the ten days, he fails to return the bill with his objections the first day of the next session; and, 5, when, having returned it with objections on the first day of the

next session, it is again passed by the requisite majorities in both Houses. And it becomes a law at the time when the event happens which is to give it validity. In the present case the bill was approved and signed within the ten days, and, therefore, as we think, it became a law from the date of the approval, notwithstanding the legislature was not in session at the time. This is in accordance with the ruling of the Court of Appeals of New York in *The People* v. *Bowen* (21 N. Y. 517); of the Supreme Court of Louisiana in *State, ex rel. Belden, Attorney-General,* v. *Fagan* (22 La. Ann. 545), and of the Supreme Court of Georgia in *Solomon* v. *Commissioners of Cartersville* (41 Ga. 157), upon provisions somewhat similar in the constitutions of those States. In the last case the decision was put on the ground that the practice of the governor had been to sign the bills within the limited time, whether the legislature was in session or not, but not afterwards. The bill of exceptions in the present case shows that the practice in Illinois has been to sign after the legislature had adjourned.

In every view of the case, we think the judgment below was right, and it is consequently

*Affirmed.*