GILLESPIE, Presiding Justice.
The personal injury actions of Deborah and Donna Lynn Loden against the administrators of both the Estate of Harold Bullard and the estate of Mrs. Mary Josiin were consolidated for trial below in the Circuit Court of Prentiss County and verdicts favorable to both defendants were *826 returned by the jury. This appeal by the Loden sisters is against the Joslin Estate only and is predicated upon the contentions that the trial court erred in (1) refusing to grant a peremptory instruction for the plaintiffs at the close of the evidence, and (2) overruling the plaintiffs’ motion for a new trial wherein they maintained that (a) the verdict was unsupported by the evidence and (b) an unqualified juror served on the jury panel. The judgment of the trial court is affirmed.
About midnight of May 6, 1966, a collision between automobiles driven by Mrs. Mary Joslin and Harold Bullard occurred on Highway 25 north of Iuka. The drivers of these vehicles and the sole passenger in the Bullard car lost their lives. The appellants were passengers in the Joslin car, along with their mother who was the only person involved in the accident to testify. Mrs. Loden was riding on the front seat of the Joslin car which was traveling north. She stated that the Bullard automobile was first observed approaching as it rounded a curve at an extremely high rate of speed and entirely within the wrong (northbound) lane, Mrs. Loden warned Mrs. Joslin to “watch out.” She stated that Mrs. Joslin had been driving in a careful manner. According to Mrs. Loden, Mrs. Joslin made no verbal response to her warning but immediately slowed to a near stop without leaving the northbound lane of traffic and without turning onto the shoulder of the highway. Upon impact the vehicles were knocked southward and came to rest in the position observed by Officer Marlar who testified that the principal portion of the debris was located four and a half feet east of the double yellow line within the northbound lane. His testimony as to the physical markings on the shoulder of the highway indicated that a part of the Joslin vehicle was off the paved surface at the time of the collision.
Appellants contend that the testimony of Officer Marlar is so unbelieveable that it does not support the verdict of the jury, and that a peremptory instruction on the issue of liability should have been granted appellants. Upon reviewing the whole of the testimony, we find that a jury question was presented as to whether Mrs. Joslin turned onto the shoulder of the highway. Also, in view of the emergency confronting Mrs. Joslin, it was for the jury to decide whether she exercised reasonable care by either stopping her car in her traffic lane or turning partly onto the shoulder. The evidence was sufficient to support the jury’s verdict which absolved Mrs. Joslin of any negligence and the trial court correctly refused a peremptory instruction requiring the jury to find for appellants.
Appellants also contend that they should have been granted a new trial because of an incident involving a member of the jury. Appellants filed a lengthy motion for a new trial alleging, among other things, that one of the jurors was not qualified because one of the defense counsel had been employed to represent his son in a criminal case. We find it unnecessary to recount in detail the averments of the appellants’ motion since a motion is itself at issue and must be supported by proof. Harvey v. State, 218 So.2d 9 (Miss.1969). No supportive proof having been presented on the matter, we are unable to consider the allegations contained in the motion and may only consider the statements of the trial judge. In overruling the motion for a new trial the trial judge disclosed that one of the jurors, after having been selected but before the jury was empaneled, came during a recess to the bench with one of the bailiffs who announced that the juror had requested permission to speak with the court. Whereupon the juror said that during the voir dire questioning the jurors were asked if they presently had any lawyer employed. This juror informed the judge that he did not have at that time a lawyer employed but that it might be necessary to do so if his son were indicted. The juror further said that this would have no effect upon his deliberation of this case, which would be based only on the law and *827 the evidence presented. The judge noted that he knew the juror as an honest and upright individual and, thus, dismissed the matter from his mind until brought to his attention in the motion for a new trial. From the contents of the judge’s opinion, we find no basis for a reversal of this case on the ground that the judge abused his discretion by failing to notify counsel for appellants with reference to what the juror had told him.
After a careful consideration of this case, we are of the opinion that the jury was justified in finding in favor of Mrs. Joslin. We do not have any question before us with reference to the driver of the other automobile.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.