This is an appeal by Willie McMillan from a judgment of the Circuit Court of Neshoba County awarding appellee Mrs. Charlie Tate $15,000 as damages for personal injuries resulting from an automobile collision. We affirm.
The only assignment of error on appeal is that the trial court was in error in overruling appellant's motion to dismiss the suit against him for the want of jurisdiction.
The record in this case reflects that appellee filed her suit against appellant on April 17, 1970, and appellant was served with process. On September 16, 1970, appellant filed a motion for a bill of particulars. Appellee furnished the bill of particulars and on October 27, 1970, appellant filed a motion for time to plead or answer. The next day he filed an answer and a motion to dismiss the suit for the want of jurisdiction. The motion to dismiss alleged that the circuit court did not have the jurisdiction of this cause for the reason that the automobile collision occurred on a road on the Indian reservation and the appellant was a Choctaw Indian, who resided on the reservation as a member of the tribe. It was alleged that only the Indian Court has jurisdiction to try the suit against him. Insofar as the record reflects appellant did not offer any proof in support of his motion and it was *Page 833 
overruled by the court. A motion is at issue without further pleading and the allegations thereof do not amount to any proof of the facts therein stated. Harvey v. State, 218 So.2d 9 (Miss. 1969).
In the absence of any proof in support of the motion we cannot put the trial court in error for overruling the same. Appellant contends in his brief that the trial court overruled his motion without giving him the opportunity to offer any proof in support thereof. However, there is nothing in the record to support this statement and on appeal our review is restricted to the matters and things that appear in the record. In absence of proof to support the motion, we do not reach the question of whether there is any merit in the contention that the trial court did not have jurisdiction over appellant.
In any event the trial court was correct in overruling the motion to dismiss for want of jurisdiction for the reason that appellant entered his appearance and submitted himself to the jurisdiction of the court by filing a motion for a bill of particulars, a motion for time to plead, and an answer before raising the question relative to the jurisdiction of the court. While an individual or corporation may appear specially for the purpose of objecting to the jurisdiction of the court over his person, he must do so before filing any other pleadings. Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964).
By filing the aforementioned pleadings appellant entered his appearance and the court acquired jurisdiction over his person. After such an appearance, a party is precluded from denying the jurisdiction of the court over his person, but if the court does not have jurisdiction over the subject matter of the suit, it cannot be given jurisdiction by waiver or consent. Here the suit was an in personam action and the circuit court had jurisdiction of the subject matter. By his appearance appellant waived any claim to the lack of jurisdiction over his person. Maupin v. Dennis, 252 Miss. 496, 175 So.2d 130 (1965); Carney v. Moore,130 Miss. 658, 94 So. 890 (1923).
For the reasons stated, this case should be and is affirmed.
Affirmed.
RODGERS, P.J., and JONES, BRADY and ROBERTSON, JJ., concur.