289 So.2d 921 (1974)
Minnie L. FISHER et al.
v.
Milburn J. CROWE et al.
No. 47997.
Supreme Court of Mississippi.
February 11, 1974.
*922 Malone & Mitchell, Mound Bayou, for appellants.
Townsend, McWilliams & Holladay, Drew, for appellees.
WALKER, Justice:

ON MOTION TO DOCKET AND DISMISS APPEAL
The controversy here stems from a contest of the general election for aldermen of Mound Bayou, Mississippi, which was held on June 5, 1973, wherein the circuit court set aside the election and ordered that a new election be held. Appellants, Mary Huddleston, Annyce Campbell, Lawrence Thompson, Harold Ward and Herman Johnson, Sr., are the aldermen whose election was challenged, and Minnie L. Fisher, Joseph Woods and Vera Fields are the election commissioners who were also made parties defendant to that contest.
The matter is presently before this Court on a motion to dismiss the appeal on the grounds that the bond was not timely filed within forty-five days as required by Mississippi Code Annotated section 11-51-5 (Supp. 1973).

I.
The appellants allege in their brief in opposition to the motion to dismiss the appeal that on or about October 25, 1973, they "posted" with the circuit clerk an appeal bond in the amount of $1,500 duly executed by appellants as principals with two sureties thereon. But that on or about October 28, 1973, they were notified by Mrs. Walter Lewis, circuit clerk, that the bond as filed was insufficient in that one of the sureties thereon, while solvent, was not a resident freeholder. They further allege that on or about November 7, 1973, they were notified by Mrs. Lewis that the substitute surety would not be sufficient for her approval of the bond and that she would only approve a bond filed by a surety company licensed by the State of Mississippi. However, these allegations are not supported by the record nor are any *923 affidavits in support thereof filed with the motion. We point out that allegations in pleadings have no probative value but must be supported by proof. In Loden v. Joslin, 229 So.2d 825 (Miss. 1969), Justice Gillespie, speaking for the Court, said:
We find it unnecessary to recount in detail the averments of the appellants' motion since a motion is itself at issue and must be supported by proof. Harvey v. State, 218 So.2d 9 (Miss. 1969). No supportive proof having been presented on the matter, we are unable to consider the allegations contained in the motion... . (229 So.2d at 826).
Again, in McMillan v. Tate, 260 So.2d 832, 833 (Miss. 1972), the Court, speaking through Justice Inzer, said:
Appellant contends in his brief that the trial court overruled his motion without giving him the opportunity to offer any proof in support thereof. However, there is nothing in the record to support this statement and on appeal our review is restricted to the matters and things that appear in the record. In absence of proof to support the motion, we do not reach the question... .
Contrary to respondents allegations, the movants have filed a certified copy of the docket of the circuit court concerning this matter which does not show any entry with respect to a bond prior to December 5, 1973, and, also a certificate from Mrs. Walter Lewis, circuit clerk, under the seal of her office as follows:
I further certify that as of the date hereof [December 4, 1973] appeal bond has neither been posted nor approved by me in support of this prosecution of any appeal whatever from the final decree of October 3, 1973.
It is undisputed that an appeal bond was filed on December 5, 1973, and approved by the clerk on that date; however, December 5, 1973, was not within the forty-five-day period allowed, and we can only conclude from this state of the record that an appeal bond was not timely filed as required by Mississippi Code Annotated section 11-51-5 (1972).
We would point out that the burden of showing that a bond was filed or tendered to the circuit clerk within the forty-five-day period or that the court docket was in error developed upon the appellants who wholly failed in this regard.

II.
The respondents next contend that they are officials within the meaning of Mississippi Code Annotated section 11-51-101 (1972) and therefore are entitled to appeal without bond. The pertinent part of that section is as follows:
The state, and any county, city, town, or village thereof, and the officials representing the state, county, city, town, or village, in any suit or action, and any state, county, city, town, or village officer who is a party to any suit or action in his official character, in which suit or action the state, county, city, town, or village is beneficially interested, ... shall be entitled to appeal from a judgment, decree, decision, or order of any court or judge, from which an appeal may be taken, without giving an appeal bond; ...
The cases cited have been of little help in determining this matter. However, we have considered the contention and are of the opinion that the election contest insofar as the aldermen-elect are concerned is a private matter between themselves and the contestants in which the city is not beneficially interested, and, as such, they are not entitled to appeal without bond.
However, we are of the opinion that the election commissioners are officials within the meaning of Mississippi Code Annotated section 11-51-101 (1972). In Love, Superintendent of Banks v. Mississippi Cottonseed Products Co., 174 Miss. *924 697, 707, 159 So. 96, 165 So. 446 (1935), the Court in interpreting this section said:
An official is not necessarily an officer in the technical sense, but may be "one having subordinate administrative or executive powers in a governmental or public institution."
Here, once the commissioners were appointed, they had the duty to conduct the election according to the statutes of this State (Mississippi Code Annotated section 21-11-13 (1972)), and, as such, were officials of the city within the meaning of the statute; and, without question, the City of Mound Bayou was beneficially interested in the election process being carried out in a proper manner. Therefore, we are of the opinion that the commissioners are entitled to prosecute this appeal without filing bond.

III.
The aldermen-elect next contend that this Court should allow them to prosecute their appeal by virtue of Mississippi Code Annotated section 11-3-5 (1972) which provides as follows:
An appeal to the supreme court shall not be dismissed for want of jurisdiction because of a defect in the application for appeal, or in the bond, or because of any failure by an officer to comply with the requirements of law in reference to appeals; but all defects and irregularities may be cured by amendment so as to perfect the appeal and obtain the judgment of the supreme court in the case; but the court may dismiss an appeal for a failure of the appellant to do, within a reasonable time, what may be necessary to perfect his appeal.
We have carefully considered the authorities cited by the aldermen-elect but are of the opinion that they are not controlling under the facts of this case. We hasten to point out that the broad wording in the case of State of Mississippi v. Board of Supervisors of Coahoma County, 64 Miss. 358, 1 So. 501 (1886) that: "In no case can a party lose the benefit of an appeal by any error as to the manner of appealing. The appeal may be perfected here" was obiter dictum and is not authority on the issue here involved. (64 Miss. at 364, 1 So. at 502). Gurley v. Rhoden, Miss., 288 So.2d 868, decided January 28, 1974, and not yet reported.
It is well settled in this State that the perfection of an appeal to the Supreme Court within the time allowed by statute is jurisdictional. In Gulf, Mobile & Ohio R.R. Co. v. Forbes, 228 Miss. 134, 87 So.2d 488 (1956), this Court said:
An appeal within the meaning of the statute is taken when, but not until, a bond therefor is filed and approved, where such bond is required, as in the case here. (228 Miss. at 138, 87 So.2d at 489).
See also Wood v. Warren, 193 So.2d 123 (Miss. 1966).
A bond which is not timely filed cannot be cured under the provisions of section 11-3-5.
Moreover, appellants cannot seriously contend that they did not know that they had to post a bond because they acknowledged in their letter of November 20, 1973, to the circuit judge that an appeal bond in the amount of $1,500 was required. That letter further stated:
As indicated, the City of Mound Bayou is prepared and willing to post an appeal bond in the amount of $1500.00 with each defendant as principal with two (2) sureties, notwithstanding the exemption allowed by the statute.

IV.
The motion of appellees to docket and dismiss the appeal is sustained as to Mary Huddleston, Annyce Campbell, Lawrence Thompson, Harold Ward and Herman Johnson, Sr., the aldermen-elect of the City *925 of Mound Bayou, but is overruled as to Minnie L. Fisher, Joseph Woods and Vera Fields, the election commissioners of the City of Mound Bayou.
Motion sustained in part and overruled in part.
GILLESPIE, C.J., and INZER, ROBERTSON and BROOM, JJ., concur.