298 So.2d 714 (1974)
MID-CONTINENT REFRIGERATOR COMPANY
v.
Isaac STARKS, d/b/a West Side Store.
No. 47634.
Supreme Court of Mississippi.
August 12, 1974.
T.F. Badon, Liberty, Holt Smith, Lexington, for appellant.
Walker J. Carney, Jr., Gloster, for appellee.
INZER, Justice:
This is an appeal by Mid-Continent Refrigerator Company from an order of the Circuit Court of Amite County dismissing its suit against appellee, Isaac Starks, *715 wherein it sought to recover from the breach of a lease agreement. We reverse and remand.
Appellant's declaration alleged that: (1) it was a Colorado corporation; (2) it entered into a lease agreement with the defendant Isaac Starks, doing business as West Side Store, whereby it leased to Starks certain refrigeration equipment for a period of four years; (3) Starks agreed to pay as rent for such equipment the sum of $132 per month; and (4) Starks had breached the agreement by failure to pay such rent. A copy of the lease agreement was made an exhibit to the declaration. This agreement shows on its face that it did not become a binding contract until it was approved by the lessor company in Denver, Colorado. Starks executed the contract on September 13, 1971, and on the same date acknowledged the same. On September 17, 1971, the contract was approved by an authorized officer of the corporation in Denver, Colorado. The declaration alleged that the equipment was delivered and installed in accordance with the agreement and that Starks had breached the agreement by failure to pay the stipulated rent.
The appellee, defendant below, filed a motion to dismiss the suit for the reason that the plaintiff was a foreign corporation doing business in this state without a certificate of authority and consequently was prohibited by the provisions of Section 5309-239, Mississippi Code of 1942 Annotated, (1956), now Section 79-3-247, Mississippi Code 1972 Annotated, from maintaining this action. The motion alleged that Mid-Continent admitted in its declaration that it was a Colorado corporation. It also alleged that the corporation had no certificate of authority to do business in this state.
Insofar as the record reflects, Starks offered no proof in support of his motion. In spite of this fact the trial court entered an order dismissing the suit for the reason that plaintiff was a foreign corporation which had not qualified to do business in this state and was doing business in this state at the time of the contract. Consequently, it was barred from maintaining an action in this state to enforce the contract.
It is a well settled rule that a motion is at issue without further pleading, and the allegations thereof do not amount to any proof of the facts therein stated. McMillan v. Tate, 260 So.2d 832 (Miss. 1972), Loden v. Joslin, 229 So.2d 825 (Miss. 1969), and Harvey v. State, 218 So.2d 9 (Miss. 1969). The burden was upon the movant to show not only that plaintiff was a foreign corporation but also that it was doing business in this state without a certificate of authority. While the trial court could find from the declaration that plaintiff was a foreign corporation, it could not find from the declaration that it had not been issued a certificate of authority to do business in this state. Furthermore, insofar as the record shows the only business that the plaintiff had transacted in this state was entering into the lease contract with the defendant.
The pertinent code sections involved are Sections 79-3-211 and 79-3-247, Mississippi Code 1972 Annotated. The pertinent part of Section 79-3-211 is as follows:
No Foreign Business Corporation for profit shall have the right to transact business in this state until it shall have procured a certificate of authority so to do from the secretary of state.
* * * * * *
Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in *716 this state any one or more of the following activities:
* * * * * *
(d) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts.
(e) Transacting any business in interstate commerce.
The pertinent part of Section 79-3-247 provides as follows:
No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state.
Even if we assume that Mid-Continent had no certificate of authority to transact business in this state, it is apparent that the transaction sued upon falls within an exception set up in subsection (d) of Section 79-3-211. In fact, appellee so admits but argues that Section 79-3-211 has no application to Section 79-3-247. We find no merit in this argument. It is obvious from a casual reading of these two code sections that Section 79-3-247 imposes a penalty for violation of Section 79-3-211. This obvious fact was recognized in Wood v. Gulf States Capital Corp., 217 So.2d 257 (Miss. 1968). See also Pittman v. Allenberg Cotton Co., 276 So.2d 678 (Miss. 1973).
For the reasons stated we are of the opinion that the trial court was in error in sustaining the motion to dismiss appellant's suit. The motion should have been overruled. An order will be entered here overruling the motion to dismiss and the case will be remanded for further proceedings.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, WALKER and BROOM, JJ., concur.