SULLIVAN, Justice,
for the Court:
On January 8, 1981, Gulf City Fisheries, Inc., filed a declaration in the Circuit Court of Jackson County seeking damages from Bobby Kitchens, Inc. for an alleged breach of contract and from Ark Valley Trading and Transport Company, later amended to G.H. Billue d/b/a Ark Valley Transport for negligence.
In response to a motion by Ark Valley Trading and Transport Company, the circuit judge dismissed the declaration against both Billue and Bobby Kitchens, Inc. Gulf City Fisheries appeals this dismissal and assigns as error the following:
I. The lower court erred in dismissing the declaration.
Billue cross-appeals and assigns as error the following:
I. The lower court erred in not sustaining Billue’s motion to dismiss the amended declaration for want of in per-sonam and subject matter jurisdiction; and
II. The lower court erred in not dismissing the amended declaration because of the willful failure and refusal of GCF to comply with the court’s August 3, 1985, order compelling GCF to produce the discovery requested by Billue.
In September of 1979, Gulf City Fisheries through its President, Robert A. Graham and Bobby Kitchens, Inc., entered into an oral contract providing for transportation of a load of seafood to Missouri and Minnesota. Gulf City alleged that a material condition of the contract was that the seafood be transported by Argo Collier Trucks and that Bobby Kitchens, Inc., breached the contract by engaging Ark Valley Trading and Transport Company to transport the seafood. In addition, Gulf City alleges that Ark Valley was negligent in its maintenance of the seafood which was delivered late and in a spoiled condition. Gulf City claims damages in the amount of $103,794.23 due to the combined negligence of Bobby Kitchens, Inc., and Ark Valley.
I.
DID THE LOWER COURT ERR IN DISMISSING THE DECLARATION?
The declaration was dismissed upon Ark Valley’s motion to dismiss for want of jurisdiction based upon the trial judge finding *663 that Gulf Coast Fisheries of Alabama, Inc., not Gulf Coast Fisheries, was the proper party to bring the suit.
Gulf Coast Fisheries and Gulf Coast Fisheries of Alabama, Inc., an Alabama Corporation, not qualified to do business in Mississippi, share the same president and vice president. On October 26, 1979, the Chubb Group of Insurance Companies paid Gulf Coast Fisheries of Alabama’s claim for loss which only Gulf Coast Fisheries of Alabama filed with the insurance company. At the time of the loss, only Gulf Coast Fisheries of Alabama was covered by the policy.
After the declaration was dismissed, Gulf Coast Fisheries filed a motion to reconsider which the trial court denied; in his order the trial judge made the following findings:
FINDINGS OF FACT
1. This lawsuit is filed by the insurance company (Federal Insurance Company, Chubb Group of Insurance Companies) in the name of Gulf City Fisheries, Inc., a Mississippi corporation.
2. The insurance company paid unto Gulf City Fisheries of Alabama, Inc., an Alabama corporation, the sum of $127,-193.44 on said Alabama corporation’s claim of $127,860.08 total loss, by Chubb Group’s Draft AT2384205 under its Federal Policy 0681-17-53 issued to said Alabama corporation.
3. The insurance company was not compelled by any policy to pay anything to the Mississippi corporation, Gulf City Fisheries, Inc.
CONCLUSIONS OF LAW
1. Subrogation cannot arise by voluntary payment or loan of monies.
2. In order for subrogation to arise, the payment must be required, as in the case of an insurance company, by the terms of the insurance policy.
3. A lawsuit filed by one who has no legal stand or authority to file said lawsuit is a nullity — void ab initio.
Both parties agree that the Mississippi Rules of Civil Procedure are inapplicable to this case which pre-dates their adoption.
In its first argument Gulf Coast Fisheries submits that although the motion was styled, “Motion to Dismiss for Want of Jurisdiction” it was actually an attempt to refute the allegation contained in the declaration that Gulf Coast Fisheries owned the damaged seafood. Therefore, Gulf Coast Fisheries claims that the motion constituted an objection to a non-joinder or misjoin-der of plaintiffs which is governed by Mississippi Code Annotated, § 11-7-21 (1972), and which must be raised by a plea as is required by the statute. Standard Life Insurance Co. of Indiana v. Veal, 354 So.2d 239, 245 (Miss.1977). However, § 11-7-59, Mississippi Code Annotated (1972), abolishes the plea and establishes that defenses formerly presentable by plea shall be made in the answer. The statute further provides that if the matter set up in the answer is “clearly distinct and readily separable” and goes to the “entire present cause of action” then the matter may be brought up on motion by either party and separately heard and disposed of prior to trial. Mississippi Code Annotated, § 11-7-59(1) (1972). The trial judge specifically made these findings as set forth in the judgment dismissing the declaration.
Billue did in fact allege as an affirmative defense that Gulf Coast Fisheries of Alabama, not Gulf Coast Fisheries, was the proper plaintiff. Gulf Coast Fisheries did not respond. The statute goes on further to provide in pertinent part:
(4) If the defendant desire to prove by way of defense in an action, any affirmative matter in avoidance, which by law may have been proved heretofore under special plea he shall set forth in his answer to the action such affirmative matter and incorporate such defense therein, otherwise such matter shall not be allowed to be proved at the trial; and said answer shall fully set forth any special matter which the defendant intends to give in evidence in bar of the action; and when such matter shall have been set forth in said answer, the plaintiff shall, *664 before the trial of the cause, file a written statement of any special matter which he intends to give in evidence in denial or avoidance of such special matter so given in the answer by the defendant, and to which it would have been necessary heretofore to reply specially had the defendant’s defense been specially pleaded; and if such special matter be not so alleged by the plaintiff, evidence of such matters shall not be given at the trial.
Mississippi Code Annotated, § 11-7-59(4) (1972).
This Court has noted that § 11-7-59 requires a response in denial or avoidance to a defendant’s affirmative defense. United States Fidelity & Guaranty Co. v. Hillman, 367 So.2d 914, 916 (Miss.1979).
Therefore, the first argument under the first assignment by Gulf Coast Fisheries is without merit.
Gulf Coast Fisheries’ second argument is that even if the motion is proper that the trial court was without authority to dismiss the declaration because only argument of counsel was heard at the hearing and no proof was put on by either party and “in the absence of proof in support of the motion, it is properly overruled.” McMillan v. Tate, 260 So.2d 832, 833 (Miss. 1972). Reliance on the McMillan case is mistaken. McMillan simply says that in the absence of proof in support of the motion this Court could not put the trial court in error for overruling it. McMillan v. Tate, 260 So.2d 832, 833 (Miss.1972). Further, it was unnecessary for either party to “put on” proof at the hearing to dismiss. As a reading of the trial judge’s judgment reveals, the trial judge considered “discovery taken in the case and documents submitted by the plaintiff for the court’s in-camera inspection.” (Emphasis added). The trial court may take judicial notice of available evidence in its own court files. Johnson v. Ford Motor Co., 354 F.Supp. 645, 647 (N.D.Miss.1973); 29 Am.Jur.2d Evidence, § 57, pages 89-90 (1967); 31 C.J.S., Evidence, § 50(1), page 1018; 31 C.J.S., Evidence, § 50(2), page 1022.
It would be asinine to allow Gulf Coast Fisheries to challenge the accuracy of documents which Gulf Coast Fisheries itself submitted to the trial judge.
After a careful examination of the record and arguments advanced by Gulf Coast Fisheries we are of the opinion that the circuit judge did not err in dismissing the declaration and therefore, there is no merit to the assignment of error of Gulf Coast Fisheries.
Billue in his cross assignments of error raises two interesting questions of Mississippi law but in keeping with our long standing policy that this Court will not address assignments of error not necessary to a final and complete determination of a case, we decline to address the cross-appeal. The trial judge acted properly and well within his authority in dismissing the declaration and his action in so doing is hereby affirmed.
AFFIRMED ON DIRECT APPEAL; CROSS-APPEAL DISMISSED AS MOOT.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.